360 So.2d 178 (1978)
Louis MASON
v.
Howard NORTON.
No. 61493.
Supreme Court of Louisiana.
June 19, 1978.
*179 C. Alvin Tyler, C. Alvin Tyler & Associates, Baton Rouge, for plaintiff-applicant.
Howard Norton, in pro. per.
SANDERS, Chief Justice.
Louis Mason sued his employer, Howard Norton, for wages, penalty wages, and attorneys' fees under LSA-R.S. 23:631 and 23:632. The trial court awarded the plaintiff judgment in the sum of $438.00 for unpaid wages, but rejected his demand for penalties and attorneys' fees. The Court of Appeal affirmed. La.App., 353 So.2d 304 (1977). We granted the employee's application for writs to review the judgment. La., 354 So.2d 1050 (1978).
The Court of Appeal found the facts to be largely undisputed. The defendant Norton is a painting contractor. He initially employed plaintiff Mason at a wage of $4.00 per hour, which was ultimately increased to $6.50 per hour. The oral agreement contemplated a normal work week of forty hours (five days at eight hours per day). Because of illness or weather conditions, plaintiff sometimes worked less than the normal hours, though in other weeks he exceeded forty hours. It was understood that the week's wages would be paid to the employee each Friday. Occasionally, because of financial circumstances, the employer delayed payment until the following Monday or Tuesday, but the employees were notified in advance. On July 22, 1976, Norton discharged Mason when he owed the employee $438.00. Mason made several demands for payment to no avail. This suit followed.
The case presents a single issue: whether an employee who is paid weekly by an hourly rate is entitled to penalty wages and attorneys' fees under LSA-R.S. 23.-631-S32?
LSA-R.S. 23:631 provided:[1]
"It shall be the duty of every person employing laborers or other employees of any kind whatever when discharging any laborer or other employee, or when any such laborer or employee has resigned, within twenty-four hours after such discharge or resignation, to pay the laborer or employee the amount due under the terms of employment whether the employment is by the day, week or month, upon demand being made upon the employer by the discharged or resigned laborer *180 or employee at the place where the employee or laborer is usually paid." [Emphasis added.]
And LSA-R.S. 23:632 provided:[2]
"Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days' wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorneys' fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after twenty-four hours shall have elapsed from time of making the first demand following discharge or resignation."
In Fruge v. Muffoletto, 242 La. 569, 137 So.2d 336 (1962), this Court stated:
"In construing a statute, the primary object is to ascertain and, if possible, give effect to the intention and purpose of the legislature as expressed in the statute. Since the meaning is to be determined from a general consideration of the act as a whole, all parts, provisions or sections must be read together; each must be considered with respect to, or in the light of, all the other provisions, and construed in harmony with the whole. The intent as deduced from the whole will prevail over that of a particular part considered separately; meaning should be given, if possible, to each and every section, and the construction placed on one portion should not be such as to obliterate another; so, in determining the meaning of a word, phrase or clause, the entire statute is to be considered. * * *" [Footnote omitted.]
LSA-R.S. 23:631 is designed to assure the prompt payment of wages upon an employee's discharge or resignation. Pertinent to its scope, the statute refers to "laborers or other employees of any kind whatever" and to "any laborer or other employee." These terms are sufficiently broad to include an employee paid weekly on an hourly basis.
The statute, however, later refers to "the terms of employment whether the employment is by the day, week or month." The Court of Appeal reasoned that unless the pay, itself, was fixed at a specified amount per day, week, or month, the statute was inapplicable.
We disagree with this interpretation. This restrictive interpretation would exclude from statutory protection a large percentage of employees, contrary in our opinion to the legislative intent. When the statute is considered as a whole, as must be done, the phrase "by the day, week or month" is properly construed as describing the pay period, rather than the method of calculating wages. We agree with the decision of the Third Circuit Court of Appeal in Colbert v. Mike-Baker Brick Co. of New Iberia, Inc., La.App., 326 So.2d 900 (1976). There the court held:
"Though the evidence is clear that plaintiff was paid an hourly wage, it is equally clear that his employment was based upon a weekly pay period, i. e., he was paid weekly. We conclude that plaintiff's employment was `by the . . week.'"
See also Tuberville v. Foster, La.App., 113 So.2d 805 (1959).
Under the employment agreement here, the plaintiff had a weekly pay period. Hence, he is covered by the statute.
The Court of Appeal relied upon three decisions of the Courts of Appeal: Gatti v. Southern Research Company, Inc., La.App., 271 So.2d 376 (1972); Dunn v. Bessie F. Hiern School, Inc., La.App., 209 So.2d 538; and Gros v. LeBlanc, La.App., 304 So.2d 49 (1974), holding the wage penalty statute inapplicable to the employees before the court.
*181 Although these decisions contain dicta contrary to the views expressed here, they are distinguishable and the result reached is not necessarily erroneous.
In Gatti v. Southern Research Company, Inc., supra, an investigator was employed at an hourly rate for the duration of the case.
In Dunn v. Bessie F. Hiern School, Inc., supra, a school teacher was employed for a nine-month term at an annual salary to be paid over a period of twelve months.
In Gros v. LeBlanc, supra, a welder was working on a piecework basis, to be paid by the hour.
LSA-R.S. 23:632 provides for penalty wages and reasonable attorneys' fees. In the present case, when no tender of wages has as yet been made, the statute limits the penalty wages to "ninety days' wages at the employee's daily rate of pay." Plaintiff's normal daily rate of pay was $52.00 (eight hours at $6.50 per hour). Hence, he is entitled to penalty wages of $4,680.00. We fix reasonable attorneys' fees in the sum of $900.00.
For the reasons assigned, the judgment of the Court of Appeal is reversed in part. Judgment is rendered in favor of plaintiff, Louis Mason, and against the defendant, Howard Norton, in the sum of $4,680.00 as penalty wages and in the further sum of $900.00 as attorneys' fees. In all other respects, the judgment of the Court of Appeal is affirmed.
NOTES
[1] LSA-R.S. 23:631 was amended by Acts 1977, No. 317, § 1. The amendment does not apply here, since this case arose prior to the amendment.
[2] LSA-R.S. 23:632 was amended by Acts 1977, No. 317, § 1. The amendment does not apply here, since this case arose prior to the amendment.