GULOTTA, Judge,
concurring.
I concur.
Plaintiff’s argument is not adequately addressed in the majority opinion. The basis of his claim is that his oral employment agreement was on a monthly basis, and, although hospitalized June 2, 1977, he continued to work for defendant through the month of June and is therefore entitled to receive wages through the end of June, as well as penalties and attorney fees for defendant’s failure to pay the entitled to wages.
Because plaintiff’s monthly salary was paid semi-monthly (the 1st and 15th), I conclude plaintiff’s pay period ended on June 15th and not June 30th. See Mason v. Norton, 360 So.2d 178, (La.1978). The issue, therefore, is whether or not plaintiff was terminated on or before June 15th. If terminated subsequent to June 15th, plaintiff is entitled to unpaid wages, and perhaps penalties and attorney fees. If, on the other hand, plaintiff had been terminated on or before June 15th there exists no entitlement to unpaid wages or penalties and attorney fees.
Plaintiff’s attorney wrote a letter dated June 15th to the defendant company (the letter was not offered in evidence nor included in the record) on plaintiff’s behalf in connection with the claimed work related injury. This letter apparently made reference to earlier telephone calls from the attorney to the vice president of the company, which were unanswered. On June 23, 1977 the vice president sent a letter to plaintiff in which he stated:
“We have been put on notice by your attorney of their representation of your interest. Accordingly, I would appreciate you forwarding all company credit cards, tools and equipment which may be in your possession, to me at your earliest convenience. In the meantime, please refrain from using such cards for your personal use or any other use . . .”
In a July 7th letter to the company from plaintiff’s attorney, demand for unpaid wages was made. Plaintiff, at one point in his testimony, indicated that he interpreted the June 23rd letter to be the date of termination, however he later indicated that he had worked for the company through the month of June and July and did not interpret the letter as indicative of termination. The company vice president indicated that the company had plaintiff’s termination under consideration on or before June 15th and payment was made on that date for the pay period June 1st through June 15th. He stated further, that because of the June 15th communication and the earlier telephone calls around June 10th or 12th, plaintiff had terminated his employment prior to June 15th.
However, the corporate officer indicated that on June 7th or 5th, neither he nor any officer of the company had made the determination that plaintiff was terminated, but that when the June 15th paycheck was issued he had “pretty much” made a determination that plaintiff was terminated.
The evidence considered, I conclude plaintiff was terminated on June 15, 1977; he was paid wages up to the date of termination and, accordingly, there exists no entitlement to unpaid wages.