REDMANN, Judge.
Defendant appeals from a judgment awarding penalty wages and attorney’s fees under La.R.S. 23:632 for failure to pay plaintiff wages as required by R.S. 23:631. (Plaintiff, a minor when employed and when suit was brought, has been substituted in this suit brought by his mother.)
R.S. 23:631 (before its amendment by Acts 1977 No. 317) made it “the duty” of every person employing laborers to pay discharged or resigned employees within 24 hours of termination upon “demand” by the employee at the place of usual payment. R.S. 23:632 (as amended, Acts 1964 No. 422) penalized noncompliance with penalty wages until compliance, up to a maximum of 90 days, and attorney’s fees.
Mason v. Norton, La.1978, 360 So.2d 178, holds the statute applicable to hourly wage earners who are paid “by the day, week or month” (with a possible exception of employees who do “piece work,” as in Gros v. LeBlanc, La.App. 1 Cir. 1974, 304 So.2d 49). Accordingly the statutory clause “whose employment is by the day, week or month” does not make the statute inapplicable to plaintiff, an hourly wage laborer paid weekly. Although plaintiff was supposedly employed as a “part-time” laborer as needed, in the four days of his employment he worked 33.25 hours, or more than the usual full-time measure of eight hours a day. Thus we conclude plaintiff’s employment cannot be characterized as piece-work like Gros’s, as defendant argues (and we need not decide whether Gros should be followed). Plaintiff’s work was not merely occasional work—e. g., two hours one day, four hours a few days later—and in that sense “part-time as needed” and therefore arguably like Gros’s piece-work. This record supports the conclusion that plaintiff was a regular employee during the four days of his employment, notwithstanding that he expected to work less, though still six days and 36 hours a week, in the future when school would occupy him until noon daily.
Defendant also suggests that plaintiff did not “demand” his wages within the statute. Defendant’s store manager testified that plaintiff asked, upon his discharge, “when” he would be paid, and was told that he would be paid the following Saturday. Plaintiff returned the following Saturday but the check had not arrived from defendant’s central office in Akron, Ohio. Defendant’s manager testified plaintiff “did return I’d say three or four times, but this was within a two to three week period.” Plaintiff testified, supported by a telephone bill showing such a long distance call, that on August 22, 1975 he even called defendant’s office in Berea, Ohio, to try to get his check. Plaintiff’s several actions constituted ample demand under the statute.
The check was dated August 23, but was not delivered to plaintiff nor was plaintiff notified that it was available. Defendant’s manager says he could not find plaintiff’s telephone (listed in his stepfather’s name) or address. (The manager did not call Akron for that information from plaintiff’s employment application which had been sent to Akron.) The manager also asked a friend of plaintiff to let plaintiff *1245 know that the check had arrived, but that friend testified that he did not see plaintiff. Meanwhile plaintiff contacted counsel and followed his advice to let the 90-day statutory maximum for penalty wages go by before making any further demand. Defendant argues that these circumstances should be considered as “equitable defenses” within cases such as Miletello v. Noble Drilling Corp., La.App. 2 Cir. 1975, 316 So.2d 505.
Defendant sees the case as one in which the employee agreed to wait for the regular payday (otherwise, said the manager, he would have been paid on the spot in cash) and then did not claim his check when it arrived. This view is a fair one insofar as it might support a waiver of plaintiff’s right to payment within 24 hours and until the following Saturday when the check was supposed to arrive. But this view ignores defendant’s own evidence that plaintiff attempted to claim his check “three or four times . . . within a two to three week period” before it finally arrived. When the check did not arrive during the time plaintiff had agreed to wait, defendant should then have paid plaintiff in cash. The statutory duty is clear, and defendant’s violation was not merely a “technical” one like Mile-tello found. Defendant apparently has not taken measures to insure compliance with its statutory duty. The duty is defendant’s, and defendant cannot place the duty upon the employee to continue to demand, time after time, the pay defendant is obliged to render within 24 hours.
Defendant finally argues that the $350 attorney’s fee is excessive in relation to the wages involved. We answer that a lawyer cannot be hired to try a lawsuit for a pittance. If the fee were determined by some fraction of the $70 originally in dispute, plaintiff could not find a lawyer to take his case to court. The employer could mock the law with impunity. The fee must therefore be a reasonable one, sufficient to enable hiring a lawyer, notwithstanding that the unpaid wages are only a few dollars.
Affirmed.