COVINGTON, Judge.
This is a suit brought by Robert L. Grif-fis, Sr., plaintiff-appellee, to recover from Fischbach and Moore, Inc., his employer, wages due him for one day’s work as an electrician in the amount of $80.84. Invoking the provisions of LSA-R.S. 23:631 and 632, plaintiff also seeks to recover penalties and attorney’s fees.
He was terminated on November 29, 1976, from his employment with Fischbach and Moore, Inc. after allegedly being absent for three successive work days. Plaintiff made demand upon defendant for payment of one day’s wages for which he allegedly had not been paid. The wage claim was denied by his employer. This suit followed.
After trial on the merits the trial court rendered judgment in favor of plaintiff for the $80.84 in unpaid wages and also awarded $7,275.60 in statutory penalty wages and $1,000.00 attorney’s fees, making the following findings of fact:
“1. Plaintiff worked a full eight-hour shift on November 26, 1976.
“2. Plaintiff was not paid within the period of time mandated by R.S. 23:631.
“3. Plaintiff’s failure to so pay was arbitrary and capricious.
“4. Plaintiff made timely demand on defendant for payment before institution of this suit, in conformity to R.S. 23:632.”
Defendant-appellant, in its brief, does not contest the fact that one day’s wages was due to the plaintiff; nor does it contest the fact that attorney’s fees should be awarded. Its contention is that the trial court erred in finding that the failure to pay the wages was arbitrary and capricious, and in awarding excessive attorney’s fees.
The law provides that an employer must pay an employee his wages not later than three days after discharge or resignation, and upon default the employer is subjected to penalty wages (up to a maximum of 90 days) and reasonable attorney’s fees. LSA-R.S. 23:631, 632.
Our review of the record in the instant case indicates no manifest error in the trial court’s holding that plaintiff had worked for one day for which defendant had refused or failed to pay him, and that he was entitled to this pay. It is, therefore, concluded that wages were owed to plaintiff but were not paid.
The court correctly applied LSA-R.S. 23:631 and 632 and the jurisprudence interpreting the legislative provisions. The procedure or policies of the employer for the payment of wages to employees must be such that the requisites of the statute can be met. Hendrix v. Delta Air Lines, Inc., 234 So.2d 93 (La.App. 4 Cir. 1970), writ refused, 256 La. 364, 236 So.2d 498 (1970). The record reflects that the failure to pay Mr. Griffis timely was due to a breakdown in the employer’s internal communication and bookkeeping procedures, not due to a reliance on an investigation of an arbitration board, as the employer urges on appeal.
The facts and circumstances as shown by the record do not reveal any elements or instances which would be of a mitigating nature. Appellant argues, as mentioned above, that an arbitration board comprised of members of the union and of the employer had held a hearing and had determined that the employer was justified in terminating the employee, Griffis, due to excessive absences. As the trial judge found, such a hearing in no way determined whether or not the employer owed the plaintiff for one day’s wages and failed to “take sufficient steps to properly investigate plaintiff’s demand for payment.”
The record demonstrates that there did not exist any equitable defense to the employer; there was no bona fide dispute over the amount of wages due. We find that the defendant was in bad faith and acted arbitrarily in failing to pay the employee the wages due; the present facts warrant the imposition of statutory penalties.
On the question of attorney’s fees, the law provides for the mandatory award of attorney’s fees in the event the employee’s suit for unpaid wages is “well-found *1227 ed.” LSA-R.S. 23:632; Carriere v. Pee Wee’s Equipment Company, 364 So.2d 555 (La.1978). The employee’s suit in the instant case is “well-founded.” The employer failed to pay him his one day’s wages although he was clearly entitled to them.
Defendant finally argues that the $1,000.00 attorney’s fee is excessive in relation to the work and wages involved. On this point the Court in Galata v. Firestone Tire & Rubber Co., 368 So.2d 1243, 1245 (La.App. 4 Cir. 1979), stated:
“. . .We answer that a lawyer cannot be hired to try a lawsuit for a pittance. If the fee were determined by some fraction of the $70 originally in dispute, plaintiff could not find a lawyer to take his case to court. The employer could mock the law with impunity. The fee must therefore be a reasonable one, sufficient to enable hiring a lawyer, notwithstanding that the unpaid wages are only a few dollars.”
We agree with the rationale of the Galata case. We disagree with the holding in Miletello v. Noble Drilling Corporation, 316 So.2d 505 (La.App. 2 Cir. 1975), that what is a “reasonable” attorney’s fee “relates to the amount of wages involved.” We hold that under the facts and circumstances of this case the amount of the award for attorney’s fees was reasonable. See Geer v. Nelson Dodge, Inc., 282 So.2d 794 (La.App. 3 Cir. 1973).
For the reasons assigned, we affirm the judgment of the District Court at appellant’s costs.
AFFIRMED.