STOKER, Judge.
James Bartlett (Bartlett) brought suit against Doctor’s Hospital of Tioga, Inc. (Doctor’s Hospital) seeking past due wages, penalties, and attorney’s fees under LSA-R.S. 23:631 and 23:632.[1] The trial court *637 rendered judgment in favor of Bartlett for $211.66 representing wages due through July 16,1981, and in the further amount of $260.00 per week thereafter until wages are paid in full up to a maximum of ninety days wages (at the daily rate of $52.00 per day), subject to a credit of $205.00. The trial court also awarded $500.00 to Bartlett for his attorney’s fees. The hospital appealed and Bartlett answered the appeal, seeking an increase in attorney’s fees to cover the cost of the appeal.
Bartlett worked as the supervisor of the Respiratory Department of Doctor’s Hospital until July 16, 1981, when he either quit his job or was fired because of a disagreement over a change in his hours of employment.[2] Bartlett was paid $6.50 per hour for forty hours per week, time-and-a-half for overtime hours, plus $20.00 per week for being on call at night and after regular working hours. Bartlett also received $10.00 for each “call-back” when he returned to the hospital after regular working hours. Based on an hourly rate of $6.50, Bartlett's daily rate was $52.00 and his weekly rate was $260.00.
Bartlett was paid every two weeks. His employment was terminated on July 16, 1981, the fourth day of the pay period which ended on July 26. After conferring with his attorney on July 16, Bartlett demanded payment of his wages within three days of his discharge but was told that he would have to wait until July 31, the regular pay day for that pay period. On July 31, Bartlett was paid $205.00, representing compensation for thirty hours of employment ($195.00) and one “call-back” ($10.00). Bartlett contends that he should have been paid $211.66, the extra $6.66[3] being the compensation owed him for being “on call” for three days of the pay period. This amount was still unpaid by the time of the trial.
Doctor’s Hospital contends that the trial court erred in two respects:
1. The trial court erred in requiring that the hospital employer pay the employee both his full wages and the amount of penalty accrued through July 31, to avoid the accrual of further penalty after July 31, 1981.
2. The trial court erred in failing to consider whether Mark Bartlett was paid in full on July 31, 1981, and in failing to find that in fact the plaintiff Mark Bartlett was paid all that he was entitled to receive as earned wages on July 31,1981. These specifications of error will be discussed below.
WAS BARTLETT PAID IN FULL ON JULY 31, 1981?
Doctor’s Hospital contends that the trial court found that full payment was not made to Bartlett on July 31, 1981, because Doctor’s Hospital paid only the back wages then due and did not pay the penalty wages which had accrued by that time.[4] We do not agree with this interpretation of the trial court’s ruling.
The trial court in its written reasons for judgment given with respect to the cases of *638 several employees consolidated for trial stated as follows:
“The Court is convinced that they [Bartlett, et al] made their demand for their pay on July 16,1981 and the defendant was obligated under the statute to pay them for their earned wages within 72 hours. The defendant elected not to pay the plaintiffs until July 31, 1981 in violation of the statute and since they elected to delay the plaintiff’s pay the defendant was obligated to pay the plaintiffs as though their employment continued until that day. Since they were not paid in full through July 31, 1981, the defendant was obligated to continue to pay them until they are paid in full for a maximum period of 90 days.” (Emphasis supplied)
As can be seen, the trial court found that Bartlett was not paid in full on July 31, 1981, but did not state that the deficiency of the payment was due to the failure of Doctor’s Hospital to pay penalty wages up to that date. Bartlett had averred in his petition and had argued in court that the payment made to him on July 31, was short by $6.66 because it did not include compensation for his being on call for three days. We believe that the trial court found this to be true in stating its finding that the July 31st payment of $205.00 was not full payment. This is corroborated by the fact that the trial court awarded $211.66 to Bartlett, subject to a credit of the $205.00 received by Bartlett on the 31st. The difference between the two figures is $6.66, the exact figure which Bartlett contended was owed to him after the payment on July 31, 1981.
The validity of the judgment of the trial court should be presumed, and it should not be given an interpretation which would make it invalid. Springlake Homeowners Association, Inc., v. Pecot, 321 So.2d 789 (La.App. 4th Cir. 1975). Therefore, we interpret the trial court’s judgment to mean that the payment by Doctor’s Hospital to Bartlett on July 31, 1981, was not full payment because it did not include compensation for Bartlett’s having been on call for three days. Under this interpretion, we need not consider the cases cited by Doctor’s Hospital to the effect that accrued penalty wages need not be tendered to the employee along with the back wages due to him to stop the running of further penalty wages.
WAS BARTLETT OVERPAID IN HIS NEXT-TO-LAST PAY CHECK?
Doctor’s Hospital contends further that through overpayment in a previous payment Bartlett was in effect paid all that was owed to him when he was given his final payment on July 31,1981, and that the trial court failed to consider this.
This contention is based on Doctor’s Hospital’s argument that Bartlett was overpaid in his next-to-last paycheck and that this overpayment more than compensated Bartlett for the amount which he claims was missing in his last paycheck. The determination of whether or not Bartlett was overpaid in his next-to-last paycheck requires a determination of the proper compensation owed to Bartlett for his “call-backs”. This question turns on whether Bartlett and other employees employed in the same kind of work were paid on a per task basis performed on a call-back or simply on a per call-back basis.
Bartlett contends that the proper compensation for call-backs was $10.00 for each individual test performed by the employee returning to the hospital after hours. Two ex-employees of the respiratory department who left their employment at the same time and for the same reason as did Bartlett also testified that they were paid $10.00 for each task performed on a call-back.
The administrator and an assistant administrator of Doctor’s Hospital testified that hospital policy was to pay $10.00 for each trip to the hospital on a call-back (no matter how many tasks might be performed) since the purpose of the payment was to compensate the employee for the expenses incurred in returning to the hospital after working hours. Under this interpretation, Bartlett was overpaid for callbacks in his next-to-last paycheck since he was paid forty dollars for performing four *639 tests on call-back, but only made two trips back to the hospital on call-back during that period. Therefore, Doctor’s Hospital contends that Bartlett was overpaid by twenty dollars on his next-to-last paycheck, more than enough to compensate him for the underpayment by $6.66 on his last paycheck.
The trial court apparently considered and rejected Doctor’s Hospital’s argument. There was ample evidence before the trial court in the form of the testimony of Bartlett and the two other ex-employees that the customary compensation for call-backs was $10.00 per task performed after regular working hours and that therefore he was not overpaid on his next-to-last pay check. Although there was contrary testimony by the administrator and assistant administrator of the hospital that Bartlett was overpaid for call backs in his next-to-last pay period, we cannot say that the trial court’s rejection of this evidence and acceptance of Bartlett’s evidence was clearly wrong. The weighing of this testimony required a credibility evaluation. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
DID THE DEFENDANT HAVE AN EQUITABLE DEFENSE?
Finally, Doctor’s Hospital asserts an equitable defense to the payment of penalty wages after July 31, 1981. Doctor’s Hospital contends that even if Bartlett was not paid the full amount of unpaid wages due to him on July 31, the record reflects that there was a good faith dispute over the additional amount claimed and that it should not be assessed with penalties after July 31,1981, for failure to pay the disputed sum.
In the recent case of Powell v. Flotation Services, Inc., 413 So.2d 276 (La.App. 3rd Cir. 1982), this court stated:
“LSA-R.S. 23:632 is a penal statute and therefore must be strictly construed. Equitable defenses are available and penalty wages are not to be absolutely imposed irrespective of circumstances. Doucet v. Plantation Manor, Inc., 382 So.2d 984 (La.App. 1st Cir. 1980). In order for an employer to be liable for penalty wages, the employer must have been motivated by bad faith or must be found to have acted in an arbitrary or unreasonable manner. It is only a ‘good faith non-arbitrary defense to liability for unpaid wages; i.e., a reasonable basis for resisting liability’ which will permit the courts to excuse the employer from the imposition of penalty wages. Carriere v. Pee Wee’s Equipment Co., 364 So.2d 555 (La.1978); Letulle v. S & E Oil Co., Inc., 387 So.2d 703 (La.App. 3rd Cir. 1980).”
We do not believe that Doctor’s Hospital has presented a good faith defense to liability for unpaid wages. The hospital’s claim that Bartlett was overpaid (based on the dispute as to the proper compensation for being on call) relates to the next-to-last pay period, not the last pay period. What the hospital contends was an overpayment (the argument rejected by the trial court) was not discovered by the hospital until after Bartlett made written demand on August 5, 1981, to be paid the additional amount owed him. Yet, rather than promptly inform Bartlett of the reason the sum of $6.66 admittedly due to him was being withheld, Doctor’s Hospital instead gave notice to Bartlett in its answer to Bartlett’s petition filed on August 12, 1981, 12 days after he was paid, that on July 31, 1981, Bartlett had been paid all the sums he was due. We do not feel this is a good faith attempt to settle a disputed claim.
The trial court concluded and held Bartlett was not overpaid for call-backs in the next-to-last pay period and was still owed compensation in the amount of $6.66 for being on call. We uphold that ruling. When the plaintiff has proved that wages are owed, and a demand is made therefor, and a refusal to pay them occurs, the penalty provisions of LSA-R.S. 23:632 should be assessed against the defendant. See Jones v. LeBlanc, 263 So.2d 119 (La.App. 1st Cir. 1972).
Furthermore, even if Bartlett was being paid for call-backs contrary to hospi *640 tal policy, the failure to correct this problem earlier is due to a breakdown of the hospital’s internal communication and bookkeeping procedures, and cannot justify the withholding of sums owed to the employee. See Griffis v. Fischbach and Moore, Inc., 387 So.2d 1225 (La.App. 1st Cir. 1980).
We find the defendant acted arbitrarily in failing to pay the plaintiff his wages as there was no bona fide dispute that the wages were due. Therefore, we affirm the trial court’s judgment imposing the statutory penalties upon the defendant.
However, we amend the trial court’s judgment to award an additional $500.00 attorney’s fees to plaintiff to be taxed as costs to defendant for plaintiff’s defense of this appeal. The judgment in this case which we affirm is subject to a credit for all sums deposited in the registry of the trial court by defendant-appellant and withdrawn by plaintiff-appellee. Costs of this appeal are assessed to defendant.
AMENDED AND AFFIRMED AS AMENDED.

. LSA-R.S. 23:631 provides, in part:
“A. Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation....”
LSA-R.S. 23:632 provides:
“Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney’s fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of *637 making the first demand following discharge or resignation.”

. Several other employees of the Respiratory Department terminated their employment for the same reason. One of these, April Crane, also received judgment from the trial court for penalty wages and attorney fees, but her award is not before us on appeal.

. Counsel for plaintiff admitted at trial that a mistake was made in calculating Bartlett’s “on call” compensation (Tr. 171). The true figure should be approximately $8.57. This sum is found by dividing the $20.00 on call compensation by 7 for the number of days in the week, and multiplying the quotient by 3, the number of days Bartlett was on call. It should be understood that Bartlett was paid $20.00 per week for being “on call” whether or not he was actually called back to the hospital to perform services. If he was called back and answered the call he received additional compensation. As will be discussed later there is a dispute as to whether this compensation was $10.00 per call or $10.00 for every task performed in response to a call.

.Doctor’s Hospital argued at trial that it owed no penalty wages at all, even up to July 31 when Bartlett was paid, fifteen days after having demanded his wages. This argument has not been briefed for this Court and is considered to be abandoned.