434 So.2d 548 (1983)
Mike KEITH, Plaintiff-Appellant,
v.
Henry LITTLE, Defendant-Appellee.
No. 15489-CA.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1983.
*549 Culpepper, Teat & Caldwell by James D. Caldwell, Jonesboro, for plaintiff-appellant.
Sanders & Sanders by Martin S. Sanders, III, Winnfield, for defendant-appellee.
Before PRICE, JASPER E. JONES and FRED W. JONES, Jr., JJ.
JASPER E. JONES, Judge.
Mike Keith brought this action against his employer, Henry Little, to recover wages, statutory penalties and attorney's fees. After a trial on the merits the district judge rendered judgment in Keith's favor for wages in the amount of $871.77 and attorney's fees of $250. Plaintiff appeals seeking an award of statutory penalties and an increase in attorney's fees. We affirm.
The dispositive issue in this appeal is whether R.S.23:631 et seq. are applicable to an employment agreement in which there is no regular or set pay period.
This action arises out of the facts set out below.
Beginning in February, 1980, appellant was employed by Little as an equipment operator at a rate of pay of $3.25 per hour. Initially, appellant was paid weekly on Friday afternoons either at defendant's home or at the jobsite.
In March, 1980, Little subcontracted to perform work on a government housing project. Because financing on the project was so tight, Little agreed to wait for payment from the general contractor, Glen Rowell, until the job was completed and accepted and Rowell was paid by the government.
This arrangement with Rowell required defendant to make a new agreement with his employees. It was agreed by Keith that he would not be paid during the term of the government project but that he would be paid his accrued wages when the project was accepted and defendant was paid by Rowell.
Little and his employees worked on the housing project throughout the summer of 1980. As agreed, Keith was not paid regularly but he did receive some advances and he was allowed to charge items to Little's accounts.
This arrangement was satisfactory until Keith came to believe that defendant had been paid for the housing project and had not paid him. Appellant then quit his job and made several demands for payment of the balance of his accrued wages less advances and charges. Little refused plaintiff's demands because he had not yet been paid for the project.
On September 15, 1980, Keith, through his attorney, made another demand for payment. Defendant did not respond to the letter but when he received payment for the housing project on September 18, 1980, he began trying to contact plaintiff directly. Though Little was unsuccessful in his attempt to contact Keith directly, he never attempted to contact Keith through his counsel. Defendant never paid Keith the wages due to him.
Keith brought this action on October 10, 1980, and Little answered on October 21, 1980. Later, defendant's counsel withdrew and defendant did not appear for trial on October 7, 1981. At that time the district judge rendered judgment in plaintiff's favor for wages of $871.77, penalties in the amount of $14,400 and attorney's fees in the amount of $1,000.
Defendant then again secured counsel and filed a motion for new trial. The motion was granted and the matter was retried on June 22, 1982. The district judge then rendered judgment in plaintiff's favor for wages of $871.77 and attorney's fees of $250. This appeal followed.
*550 The appellant's demands for penalties and an increase in the amount of attorney's fees are based on R.S.23:632.[1] R.S.23:631 imposes a duty on employers to pay an employee who is discharged or resigns the amount then due under the terms of his employment, whether the employment is by the hour, day, week or month, within three days following the discharge or resignation.[2] R.S.23:632 provides a strong incentive for employers to comply with § 631 by imposing penalties and attorney's fees on those who do not pay in the manner directed by § 631.[3]
As R.S.23:632 operates through § 631, appellant's claim for penalties and attorney's fees must be predicated on a violation of R.S.23:631.
Concerning the application of § 631 et seq. this court has said:
"It is well-settled that these statutory provisions are coercive or penal in nature, must be strictly construed, should not be extended beyond the plain wording of the statute, and must yield in interpretation and application to equitable defenses." Scallan v. Mark Petroleum Corporation, 303 So.2d 498 (La.App.2d Cir.1974), writ refused, 307 So.2d 370 (La.1975).
See Hays v. Louisiana Wildlife and Fisheries Com'n, 165 So.2d 556 (La.App. 1st Cir. 1964), writ denied, 246 La. 855, 167 So.2d 672 (1964) (first circuit to same effect). The court still adhers to this rule. Haywood v. Salter, 421 So.2d 1190 (La.App.2d Cir.1982).
Mason v. Norton, 360 So.2d 178 (La. 1978), makes it clear that the decisive question as to the applicability of R.S.23:631 is the employee's pay period rather than the method of calculating pay.
In Mason the court considered the case of a painter employed at an hourly wage and paid weekly. The court of appeal found that the painter was not covered by the statute because his pay was not fixed at a specific amount per day, week or month. The supreme court disagreed finding that the statute referred to the pay period. The court stated, "Under the employment agreement here, the plaintiff had a weekly pay period. Hence, he is covered by statute."[4] 360 So.2d at 180.
*551 The appellant's employment was not by the hour, day, week or month as required by 23:631. Under the employment agreement in the instant case, there was no regular or set pay period. The employer and employee agreed that wages were to be due after the overall job had been approved and the employer had received payment for the work performed. Thus, R.S.23:631 is inapplicable, the defendant's actions are not in contravention of the statute and penalties or attorney's fees may not be assessed under R.S.23:632. The appellant's demands for penalties and an increase in attorney's fees must be rejected.[5]
The judgment of the district court is AFFIRMED.
NOTES
[1] The appellant assigns two errors. He contends that the district judge erred in denying penalties and in awarding inadequate attorney's fees.
[2] LSA-R.S.23:631 provides

A. Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation. Said payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee's or laborer's current address as shown in the employer's records. In the event payment is made by mail the employer shall be deemed to have made such payment when it is mailed. The timeliness of the mailing may be shown by an official United States postmark or other official documentation from the United States Postal Service.
B. In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section.
C. With respect to interstate common carriers by rail, a legal holiday shall not be considered in computing the three day period provided for in Subsection A of this Section.
[3] LSA-R.S.23:632 provides

Any employer who fails or refuses to comply with the provisions of R.S.23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after the three days shall have elapsed from time of making the first demand following discharge or resignation.
[4] While § 631 has been amended since the Mason case arose, the amendment does not affect the validity of the supreme court's analysis of the applicability of the statute.
[5] As defendant did not appeal nor answer the appeal we may not modify the judgment in his favor or delete the award of attorney's fees. C.C.P. art. 2133; Stafford v. Division of Administration, 407 So.2d 87 (La.App. 1st Cir.1981).