444 So.2d 162 (1983)
James T. MORRIS
v.
PARISH RADIO SERVICE COMPANY, INC.
No. 83 CA 0230.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
*163 Ronald G. Coleman, Baton Rouge, for plaintiff-appellee James T. Morris.
Gary M. O'Neil, Baton Rouge, for defendant-appellant Parish Radio Service Co., Inc.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
This is a suit to collect unpaid compensation and vacation pay from defendant brought by plaintiff, a former employee of defendant's, pursuant to La.R.S. 23:631. Penalty wages and attorney fees were also sought under La.R.S. 23:632.
From a judgment awarding plaintiff the amount of unpaid compensation, the vacation pay and the attorney fees, but denying penalty wages, defendant appeals and plaintiff answers that appeal.

FACTS
Plaintiff, James T. Morris, worked for defendant, Parish Radio Service Company, Inc. ("Parish") for over three years. Plaintiff was paid on an hourly rate, with payment made once a month by Parish. Parish's employees made occasional climbs on radio towers for which they were paid 50 cents a foot, over and above their regular salaries. Plaintiff claims to have made *164 several of these climbs on a particular tower for which he was never paid. No written records of these climbs were found. Plaintiff did not take a vacation while working for Parish; he claims that Parish owes him pay for the accrued vacation time. Parish contends that no pay is owed for unused vacations under its policies.
The trial court found that plaintiff did make the tower climbs and hence was owed $1,275.00 by defendant. The court also found that plaintiff was owed $495.94 in accrued vacation pay. Parish was found to have had an equitable defense, and therefore no penalty wages were awarded; attorney fees of $1000.00 were awarded to plaintiff, however.

SPECIFICATIONS OF ERROR
The defendant claims that the trial court erred in: 1) finding there was a preponderance of the evidence in favor of plaintiff's allegations; 2) awarding plaintiff money for the tower climbs because payment for such irregular work is not contemplated under La.R.S. 23:631; 3) finding that plaintiff was owed money for accrued vacation time; 4) awarding plaintiff attorney's fees; and 5) awarding $1000.00 as those fees.
Plaintiff has answered the appeal, alleging that the trial court erred in: 1) not awarding penalty wages because defendant had an equitable defense; and 2) awarding only $1000.00 in attorney's fees.

ISSUES

I
In defendant's first and third assignments of error it asserts that plaintiff failed to prove his case by a preponderance of the evidence. Plaintiff was unable to locate any written evidence in defendant's files which would corroborate his claim that he was owed $1,275.00 for tower climbs and $495.94 for accrued vacation time; furthermore, defendant introduced a written company policy which denied vacation pay unless there was an agreement between the employer and employee.
Plaintiff did produce witnesses who testified that they saw him make the climbs on the Galvez Tower, which was owned by defendant. A former co-worker testified that climbs made on this tower were not invoiced as were climbs made on towers owned by customers, thus explaining the absence of plaintiff's climbs in the records. Climbs on non-company-owned towers were billed directly to the customers and the employees who climbed were paid from those fees. The defendant paid for climbs on its own tower from its own cash reserves, which were admittedly low.
Plaintiff also introduced written correspondence from, to and between officers of the defendant corporation; he made his claims for the unpaid climbs and vacation pay and they were then acknowledged by the officers, who stated they would pay plaintiff $70 a month for 24 months, which they did not do. The officers stated later that they had taken plaintiff's word about his not being paid for the climbs.
Defendant introduced a written company policy which appeared to be in effect at the time plaintiff resigned. The policy stated that no payments would be made for vacation time that was not used unless the employer and employee reached an express agreement; there was no evidence of such an agreement. Plaintiff countered this by introducing the former company policy which provided for pay for accrued vacation time as a normal matter. Former co-employees of plaintiff testified that they never saw the policy introduced by defendant, nor did they understand that vacation pay would not be paid. One coworker stated that he received vacation pay upon his resignation, which was six months after plaintiff's. Thus it appears that the payment for accrued vacation time was customary and still the usual practice despite the new written policy. We find no error.

*165 II
Defendant's next claim is that La.R.S. 23:631 and 23:632[1] are inapplicable here because plaintiff's climbs were not wages payable on a hourly, daily, weekly, or monthly basis. Rather, workers were paid 50 cents a foot for climbing the tower.
Defendant argues that since this method of calculating wages is not listed in the statute then that law does not govern here. It cites Gatti v. Southern Research Company, Inc., 271 So.2d 376 (La.App. 2nd Cir.1972) which held that where an employee (an investigator) was paid by the hour but hired for a term (the length of the case), La.R.S. 23:631, before amendment by Acts 1977, No. 317, § 1, did not apply. The Supreme Court in Mason v. Norton, 360 So.2d 178 (La.1978), discussed the Gatti case and other court of appeal decisions. La.R.S. 23:631, which read before the amendment "by the day, week or month," was held to be referring to an employee's pay period, and not the method used in calculating wages. Thus, the employee in Mason, who received his hourly wages weekly, could sue under the statute.
The amendment to La.R.S. 23:631, which gave employers three days after termination to pay, also changed the wording to "... whether the employment is by the hour, day, week, or month...." (emphasis added)
Whether the statute now refers to pay periods or the method of computing wages is immaterial here since plaintiff would fit under either category: his hourly wages were paid to him monthly, i.e. his pay period was monthly and on the other hand his regular wages were calculated by the hour.[2]
The amount plaintiff sued for is "wages," as it must be for the statute to apply. See Stell v. Caylor, 223 So.2d 423 (La.App. 3rd Cir.1969). The pay for climbing the radio tower was characterized as extra-hazardous duty pay. It was undisputed that employees who made the climbs were owed compensation calculated at 50 cents a foot and were consequently paid that much, regardless of whether the climbs were made on customer-owned towers or the defendant-owned Galvez tower, as was done here. Thus the amount plaintiff sued for is agreed-upon remuneration for services rendered ("wages").

*166 III
Defendant further contends that since the trial court found it had an equitable defense to the suit, the court erred in awarding attorney's fees to plaintiff. Reasonable attorney's fees are to be awarded in the event of a well-founded suit for any unpaid wages, under La.R.S. 23:632,[3] even though penalty wages are not owed because the employer was not in bad faith. Nassauer v. Marine Offshore Catering Company, Inc., 413 So.2d 946 (La.App. 1st Cir.1982). Thus Appellant's argument is without merit.

IV
Plaintiff's answer to the appeal contests the trial court's finding that defendant had an equitable defense to the imposition of penalty wages. The employer must be found to have acted in bad faith or in an arbitrary or unreasonable manner in not paying the wages, for an award of penalty wages to be proper. Nassauer v. Marine Offshore Catering Company, Inc., supra.
The facts here support the trial court. No written records were shown to have existed that would have proven plaintiff's claim. Thus, there was no proof of bad faith.

V
Both plaintiff and defendant complain about the amount of attorney's fees awarded ($1,000.00). However, we conclude that the trial court did not abuse its discretion in the award of attorney fees.
Additionally, in answering the appeal, plaintiff requests an increase in attorney fees for work rendered in this court. We conclude that a reasonable fee for service rendered in this court is $600.00, and the judgment will be amended accordingly.
For the above and foregoing reasons, the trial court's judgment is amended to increase the award for attorney fees by $600.00, and in all other respects the judgment is affirmed. All costs are to be paid by the defendant-appellant.
AMENDED AND AFFIRMED.
NOTES
[1] La.R.S. 23:631 reads:

"A. Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation. Said payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee's or laborer's current address as shown in the employer's records. In the event payment is made by mail the employer shall be deemed to have made such payment when it is mailed. The timeliness of the mailing may be shown by an official United States postmark or other official documentation from the United States Postal Service.
"B. In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section.
"C. With respect to interstate common carriers by rail, a legal holiday shall not be considered in computing the three day period provided for in Subsection A of this Section."
[2] See Keith v. Little, 434 So.2d 548 (La.App. 2nd Cir.1983), Alexander v. American Food Management, Inc., 424 So.2d 1246 (La.App. 3rd Cir. 1982), and Singleton v. Gulf Coast Truck Service, Inc., 409 So.2d 377 (La.App. 4th Cir.1982), all of which hold that Mason's construction of La.R.S. 23:631 (before amendment) is still valid after amendment. Though an hourly pay period is not inconceivable, in common parlance to be paid "by the hour" means to have one's wages calculated on an hourly basis. Since "by the hour ..." is at the beginning of the phrase in question, separated from "day, week, or month" by commas, it would seem that the most sensible reading of "by the hour, day, week, or month" would be the method of calculating wages.

Notwithstanding this, however, the main purpose of the amendment to La.R.S. 23:631 was to give employers more time in which to pay terminated employees and to allow payment by mail. The word "hour" was added in committee by legislators who did not have the benefit of the opinion in Mason. It appeared to be an afterthought and probably was not intended to change the meaning from that found in Mason.
[3] La.R.S. 23:632 reads:

"Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation."