490 So.2d 653 (1986)
Printis ALEXANDER, Plaintiff-Appellee,
v.
BROWN BUILDERS, INC., Defendant-Appellant.
No. 17,875-CA.
Court of Appeal of Louisiana, Second Circuit.
June 11, 1986.
*654 Thomas & Burchett by Dewey E. Burchett, Jr., Bossier City, for defendant-appellant.
Leroy H. Scott, Jr., Shreveport, for plaintiff-appellee.
Before HALL, MARVIN and FRED W. JONES, JJ.
HALL, Chief Judge.
In this suit for unpaid wages pursuant to LSA-R.S. 23:631 et seq., the defendant-employer, Brown Builders, Inc., appeals from the judgment of the trial court in favor of plaintiff, Printis Alexander, awarding the unpaid wages, together with penalty wages and reasonable attorney's fees. For the reasons expressed herein, the judgment of the trial court is affirmed.
On appeal, the issue before this court is whether the trial court erred in finding plaintiff was owed unpaid wages and in assessing penalty wages against the defendant.
In July, 1984, plaintiff was employed by the defendant as a concrete finisher at a salary of $7.25 per hour. Plaintiff alleged that he worked two days the week of July 22, 1984, particularly the 17th and 18th of July, but was only paid by the defendant for one of these days, July 18th. Plaintiff terminated his employment with the defendant the following week. Plaintiff made demands for his wages in the amount of $58.00 but the defendant refused to pay, contending that the plaintiff had only worked one day and no additional wages were due.
At the trial on the merits, plaintiff and two of his co-workers testified that plaintiff worked two days, the 17th and the 18th. Plaintiff's foreman testified that he turned in the original time record of the employees to Ms. McHam, the payroll clerk, on a daily basis. The foreman believed that plaintiff had probably worked two days and that the discrepancy was most likely a bookkeeping error in that he overlooked turning in plaintiff's time. The records of the defendant revealed that no concrete finishers worked on the 17th due to inclement weather conditions. Rather, the defendant's records indicate that the work crew, including plaintiff's co-workers, worked on the 16th and the 18th. However, plaintiff is listed in the records as only working one day, the 18th.
After reviewing the evidence, the trial court found that the plaintiff had in fact worked two days and was entitled to the demanded wages. The court noted that after plaintiff made his demand, the defendant could have easily verified whether the plaintiff had worked, such as checking with the foreman and co-workers, but failed to do so. As this information was so readily available to defendant, the court found that defendant was not in good faith in refusing to tender the wages and was not engaged in a bona fide wage dispute, thereby rendering it liable for penalty wages. The court awarded plaintiff $58.00 in unpaid wages together with $350.00 in reasonable attorney's fees and $5,220.00 in penalty wages.
LSA-R.S. 23:631 provides that upon discharge or resignation of any laborer or other employee, it shall be the duty of the employer to pay the amount then due under the terms of employment not later than three days following the discharge or resignation. In the event of a dispute as to the amount due, the employer shall pay the undisputed amount.
LSA-R.S. 23:632 provides:

*655 Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.
The spirit behind these statutes is to ensure that the employer promptly pays the discharged employee all of the wages that are due to him. Rush v. Ryan Chevrolet, Inc., 408 So.2d 984 (La.App. 2d Cir. 1981). These statutes are penal in nature, must be strictly construed, and the provisions must yield to equitable defenses. Penalty wages are not to be imposed irrespective of the circumstances. Rather, the courts are generally willing to find an equitable defense when there is a good faith dispute as to whether the wages are actually due. See Pearce v. Austin, 465 So.2d 868 (La.App. 2d Cir.1985); Keith v. Little, 434 So.2d 548 (La.App. 2d Cir.1983); Haywood v. Salter, 421 So.2d 1190 (La.App. 2d Cir.1982); Magee v. Engineered Mechanical Services, 415 So.2d 277 (La.App. 1st Cir.1982), writ denied, 420 So.2d 455 (La. 1982); Menard v. Roy Young, Inc., 441 So.2d 28 (La.App. 3d Cir.1983), writ denied, 444 So.2d 122 (La.1984); Bartlett v. Doctor's Hosp. of Tioga, Inc., 415 So.2d 635 (La.App. 3d Cir.1982), writ denied, 420 So.2d 445 (La.1982); Powell v. Flotation Services, Inc., 413 So.2d 276 (La.App. 3d Cir.1982), writ denied, 415 So.2d 941 (La. 1982); McFarland v. Texhoma Contractors, Inc., 449 So.2d 1106 (La.App. 5th Cir. 1984), and Mondy v. Robin Towing Corp., 441 So.2d 361 (La.App. 5th Cir.1983).
When there is a bona fide dispute as to the amount of wages due, the courts will not consider the failure to pay as an arbitrary refusal and will refuse to award penalty wages. In order for the employer to be held liable for penalty wages, the employer's actions must have been motivated through bad faith or he must be found to have acted in an arbitrary or unreasonable manner considering the circumstances. It is only a "good faith" or "non-arbitrary" defense to liability for unpaid wages, that is, a reasonable basis for resisting liability, which will permit the courts to excuse the employer from the imposition of penalty wages. Pearce v. Austin, supra; Haywood v. Salter, supra; Bartlett v. Doctor's Hosp. of Tioga, Inc., supra; Powell v. Flotation Services, Inc., supra, and McFarland v. Texhoma Contractors, Inc., supra.
Under LSA-R.S. 23:632, mandatory reasonable attorney's fees are to be awarded in the event of a well-founded suit for unpaid wages even though the employer may not be liable for penalty wages. Carriere v. Pee Wee's Equipment Co., 364 So.2d 555 (La.1978); Pearce v. Austin, supra; Haywood v. Salter, supra; Morris v. Parish Radio Service Co., Inc., 444 So.2d 162 (La.App. 1st Cir.1983) and McFarland v. Texhoma Contractors, Inc., supra.
After reviewing the record, we find that the trial court was not clearly wrong in finding that the plaintiff was owed unpaid wages and that the defendant acted arbitrarily in refusing to pay such wages so as to be liable for penalty wages.
The evidence is clear that the plaintiff worked two days, rather than one as alleged by defendant, and the discrepancy in the defendant's records was probably the result of a bookkeeping error. Although the defendant's records indicated that none of plaintiff's crew had worked on the 17th, the records revealed that the concrete finishers, with the exception of plaintiff, had worked on the 16th. While there *656 was confusion as to the actual dates, two workers on plaintiff's work crew testified that the plaintiff had worked two days. Plaintiff's foreman testified that plaintiff had probably worked two days and most likely was simply overlooked in the defendant's time records. Thus, it appears from the record that the plaintiff did in fact work two days. As noted by the trial court, this information was easily ascertainable by the defendant. However, the defendant arbitrarily chose to refuse to pay the disputed wages. Although defendant's records indicated plaintiff had only worked one day, when plaintiff made his demand for unpaid wages defendant should have undertaken a reasonable investigation as to the proper amount due, such as checking with plaintiff's foreman. Defendant's continued refusal to pay the wages due was arbitrary and unreasonable, subjecting defendant to the penalty wages provided by the statute. As plaintiff's action was well-founded, the trial court was correct in assessing mandatory reasonable attorney's fees.
In brief, plaintiff requests an increase in attorney's fees for services rendered on appeal. However, plaintiff did not file an answer to defendant's appeal.
LSA-C.C.P. Art. 2133 provides in pertinent part as follows:
An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded....
As the plaintiff did not file an answer, this court may not grant an additional amount for appellate legal services. Bank of Logansport v. Sewell, 467 So.2d 1217 (La.App. 2d Cir.1985).
For the reasons expressed herein, the judgment of the trial court in favor of the plaintiff is affirmed at defendant's costs.
AFFIRMED.