COVINGTON, Judge.
This is a suit by Charles Nassauer and Huey Stafford, employees of defendant, Mariné Offshore Catering Company, Inc., to recover unpaid wages, travel time, penalties and attorney’s fees pursuant to LSA-R.S. 23:631 and 632. On the trial of this suit, the judge awarded Nassauer $51.47 and Stafford the sum of $31.00 for past due wages. The court denied plaintiffs travel time, penalty wages and attorney’s fees. From this judgment, the plaintiffs have appealed, and the defendant, seeking reversal, has answered the appeal. We amend, and as amended, affirm.
The trial court found that there was no agreement between the employer and the employees (as the defendant contended) that the employer was to pay a whole day’s pay to an employee on the day he reported, regardless of the hours worked, and was not to pay for any hours worked on the last day, the day they were replaced by another crew, regardless of the hours worked. Rather, the court held that employees such as Nassauer and Stafford, were to be paid for the actual hours worked on the first day and the last day of the work period. The trial court further found that there was an agreement between the parties that the employees were not to be paid travel time unless transportation to the rig where they worked was by boat; in this case, it was by helicopter. The court denied penalty wages and attorney’s fees, without direct comment, and failed to make mention of such awards in the judgment.
The record establishes that Nassauer worked as a galley hand at a wage of $2.90 per hour for a 40-hour week, with $4.35 per hour for overtime. The employer guaranteed Nassauer a 12-hour daily pay regard *948 less of the number of hours actually worked. Stafford worked as a steward or cook at a wage of $4.00 per hour for a 40-hour week, with $6.00 per hour for overtime. Stafford was guaranteed a 13-hour daily pay regardless of hours he actually worked. They were to be paid for any additional hours actually worked, as verified by their superintendent. Travel time was to be paid only under certain conditions.
It is the defendant’s contention that the employees were not owed any additional wages. It argues that the plaintiffs were fully paid for all days and hours which they worked in accordance with their contractual arrangement with the catering company, under which the work crews worked on the offshore rig in hitches of seven days on and seven days off. The employer states that its policy was to pay a whole day’s pay for the first day on, without taking into account the number of hours actually worked, and to pay nothing for the last day or “eighth day,” even if the employee actually put in working-hours that day.
The present wage dispute centers upon the plaintiffs’ claims that they actually worked 15 hours on the first day of the disputed hitch, and 15 hours on the “eighth day” of the hitch. Nassauer claims that he was underpaid 25 hours, and Stafford claims that he was underpaid 171/2 hours. The record supports the claims of the plaintiffs. The time sheet signed by the supervisor shows that on the first day and “eighth day” they were credited with 19 hours each day (including 4 hours travel time for each day). Accordingly, we agree with the trial court that the employees were entitled to be “paid for actual hours worked both days.” We also agree with the trial court that certain overtime payments were due Nassauer.
However, we disagree with the trial court’s disallowance of pay for travel time. We feel that plaintiffs are entitled to travel time as indicated on their timesheet; hence, an additional 4 hours each of overtime for the first day worked, and an additional 4 hours each of regular time for the “eighth day” worked, is to be awarded to plaintiffs. This travel time pay amounts to an additional $29.00 for Nassauer and $40.00 for Stafford.
Testimony at the trial indicates travel time from the rig back to Grand Isle was more than two hours. This is corroborated by the testimony by deposition of Larry Hutchins, their foreman or job supervisor, who noted that a trip by boat from the rig to Intracoastal City took about 15 or 16 hours. In addition, Hutchins stated his basis for fixing the 4 hours of travel time, and further indicated it was normal procedure for employees to be paid for travel time. The mode of transportation, by boat or helicopter, is not the controlling factor.
In order for the employer to be liable for penalty wages, it must have been motivated by bad faith or must be found to have acted in an arbitrary or unreasonable manner. Berteau v. Wiener Corporation, 362 So.2d 806 (La.App. 4 Cir. 1978), writ denied, 365 So.2d 242 (La.1978). We feel that the employer’s actions were neither motivated by bad faith nor did it act in an arbitrary or unreasonable manner under the circumstances of this case. There was a bona fide dispute concerning hours actually worked by the employees. Our jurisprudence is settled that an employer may present equitable defenses to the imposition of penalty wages. Lazauskas v. Louisiana Offshore Caterers, Inc., 371 So.2d 1183 (La. App. 1 Cir. 1979), writ denied, 373 So.2d 510 (La.1979). We find that the present facts do not warrant the imposition of penalties. We agree with the trial court on the question of penalty wages.
Reasonable attorney’s fees are to be awarded in the event of a well-founded suit for any unpaid wages whatsoever, even if penalty wages are not due. Soday v. Mall Snacks, Inc., 374 So.2d 138 (La.App. 1 Cir. 1979). The trial court erred in denying the plaintiffs reasonable attorney’s fees. We find that under the circumstances of this case, the attorney for the employees did work in connection with these two claims sufficient to entitle him to a fee of $750.00, *949 which is to be taxed as costs to be paid by the employer. Carriere v. Pee Wee’s Equipment Company, 364 So.2d 555 (La.1978).
For the reasons assigned, we affirm the awards of unpaid wages and the denial of penalty wages, but we amend the judgment so as to hold the defendant additionally liable for travel time as set out above, thereby increasing the award to Nassauer to $80.47 and the award to Stafford to $71.00. We also amend to award $750.00 attorney’s fees, which we tax as costs, and cast the defendant for all costs.
AMENDED AND AFFIRMED.