LOBRANO, Judge.
Appellee, Jacqueline Green sued Interstate Properties, Inc., appellant, for past due wages, penalty wages and attorney fees pursuant to the provisions of La.R.S. 23:631 and 632.[1] From a judgment award *547 ing appellee $1,099.00 in penalty wages and $350.00 in attorney fees, Interstate Properties perfects this appeal. The trial court’s judgment was based on a finding that ap-pellee worked until June 30, 1982 and was not paid until August 8, 1982, a lapse of 39 days.
The testimony reflects that appellee was hired by appellant to work as a housekeeper at the Frenchman Wharf Apartments at the rate of $3.50 per hour. It is undisputed that she worked at least one full day. Ap-pellee also testified that she worked two hours the following day, after which she resigned. The factual dispute concerns the date of appellee’s employ, the date of her termination, and the dates and frequency which demand for payment was made.
Appellee testified she started work during the last week of June. That following her resignation after working one full day and two hours, of the next she made repeated demands via telephone for her wages. Her version was corroborated by the testimony of a co-worker, Gwendolyn Ballart. She testified:
“Q. Do you have any independent recollection as to when Jacqueline Green first applied for work there at the complex?
A. I don’t know the exact date. I know it was the end of July, June or the end of July. I remember during the interview she had to work the day before and after, the day after, the day after July 4th holiday to get paid for the holiday but I don’t remember exactly.”
Appellant argues the uncertainty in Bal-lart’s testimony, but we do not agree. Bal-lart is the person who suggested the job to appellee and accompanied her when she filled out the employment application. The reference to the July 4th holiday makes it clear that appellee began work around the end of June.
Appellant further argues that the testimony of Mrs. George, the apartment manager at Frenchman’s Wharf, and that of Mrs. Wiehagen, the payroll employee at Interstate’s main office prove the employment date as being July 27th.
Mrs. George testified that appellee began work on Tuesday, July 27th and failed to appear thereafter. On Monday, August 2nd, the beginning of a new pay period, Mrs. George telephoned Interstate’s main office and advised Ms. Wiehagen that ap-pellee had resigned. On cross-examination, she admitted that she had absolutely no independent nor refreshed recollection of when appellee began work and was relying solely on records obtained from the main office. She stated that when someone was hired the standard procedure used by Interstate was for the apartment manager i.e. Mrs. George, to call in the information from the application to the main office. Thus since the records of the main office indicated July 27th as appellee’s starting date and since Mrs. George testified she always followed standard procedures that *548 must therefore have been the correct date. Mrs. George also testified that the original job application which would have had appel-lee’s actual starting date had been lost or destroyed and could not be produced to verify the July date. Additionally she testified that appellee called her only once soon after August 2nd regarding her check.
Similarly, Ms. Wiehagen had no independent recollection of when appellee began work. She testified as to the standard company procedures outlined above concluding that since the records indicated July 27th as the starting date that must have been correct.
Based on the above testimony we cannot say that the trial court erred in concluding that appellee worked until June 30, 1982. Having resolved the dates of employment, we now turn to the applicable law.
Our jurisprudence is clear that “[t]he burden of proof rests upon plaintiff to establish by a preponderance of the evidence the facts upon which he relies to support his claim for an award of penalties under LSA-R.S. 23:632. Two of these essential elements of proof, of course, are that wages actually are owed to plaintiff and that such wages have not been paid.” Harrison v. First National Funeral Homes, Inc., 244 So.2d 102 (La.App. 3rd Cir.1971). In order for the employer to be liable for penalty wages, it must have been motivated by bad faith or must be found to have acted in an arbitrary and capricious manner. Pittman v. Eyrand, 290 So.2d 800 (La.App. 4th Cir.1974).
Equally well settled is the principle that an employer may present equitable defenses to the imposition of penalty wages. Nassauer v. Marine Offshore Catering Co. Inc., 413 So.2d 946 (La.App. 1st Cir.1982).
Because we have accepted the trial court’s conclusion that appellee resigned on June 30, 1982, and that she made repeated demands via telephone prior to her check being mailed on August 6, 1982, we must conclude that the failure to pay was arbitrary and capricious and therefore appellant is subjected to penalty wages. We do, however, agree with appellant’s argument that the trial court miscalculated the penalty award. Under the provisions of La.R.S. 23:631 payment is made when it is mailed, which in this case was August 5, 1982. Therefore, the total days would be 36, not 39 as the trial court calculated. This would reduce the award for penalty wages to $1,015.00. (36 x $28.00 + 2 hrs. @ $3.50)
We reject appellant’s argument that there should be no penalty wages for the first three days after termination. Rather, we hold that if the wages are not paid within the three days, the penalty then reverts back to the date of termination.
With respect to the attorney fee issue, it is settled that reasonable attorney fees will be awarded in the event of a well founded suit for any unpaid wages whatsoever, even if penalty wages are not due. Nassauer, supra; Berteau v. Wiener Corp., 362 So.2d 806 (La.App. 4th Cir.1978); Rubenstein Bros. v. LaForte, 320 So.2d 303 (La.App. 4th Cir.1975). Since the lower court found that appellee was entitled to the additional two hours pay which was not tendered to her, we affirm the attorney fee award.
Appellee in her answer to this appeal requests an increase in attorney fees. We reject this. Accordingly the judgment of the lower court is amended to provide for penalty wages of $1,015.00. In all other respects the judgment is affirmed.
AMENDED AND AS AMENDED AFFIRMED.

. R.S. 23:631 provides:
"A. Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days, following the date of discharge or resignation. Said payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided *547 postage has been prepaid and the envelope properly addressed with the employee's or laborer’s current address as shown in the employer’s records. In the event payment is made by mail the employer shall be deemed to have made such payment when it is mailed. The timeliness of the mailing may be shown by an official United States postmark or other official documentation from the United States Postal Service.
B. In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section.
C. With respect to interstate common carriers by rail, a legal holiday shall not be considered in computing the three day period provided for in Subsection A of this Section."
R.S. 23:632 provides:
“Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee’s daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.”