GULOTTA, Judge.
Mississippi River Launch appeals from a judgment in favor of a plaintiff-employee for past due wages, penalty wages and attorney fees under LSA-R.S. 23:631-632.
The judgment was for “the sum of $581.00 with interest from May 20, 1983, plus penalties in the sum of $7,500.00 with interest from date of judicial demand and costs, including attorney’s fees in the amount of $1,500.00.” We affirm.
Appealing, defendant contends that Frank Kerlec failed to establish that he had been employed for a five day period from May 15, 1983 to May 20, 1983 (the time for which wages were awarded); and if, indeed, plaintiff had been employed during that time, that his employment was with Shelley Transportation Corporation not Mississippi River Launch. We disagree.
Kerlec testified that he had contacted Charles Augustine regarding employment as a boat captain with Augustine’s operation in Convent, Louisiana. Augustine employed plaintiff at a yearly salary. Kerlec worked for Mississippi River Launch as a captain on two vessels, until he resigned on May 20, 1983. During his period of employment, plaintiff took all orders from Charles Augustine, who had represented himself as the owner of Mississippi River Launch. Although Kerlec admitted that his pay checks were written on the Shelley Transportation Corporation account, he stated that everything he did was written on Mississippi River Launch tickets and logs. Kerlec also testified that in filling out a form for unemployment benefits, he listed Mississippi River Launch as his employer. However, an unemployment *1182 claim form indicates that Shelley Transportation Corporation was Kerlec’s employer. According to Kerlec, he had never worked for Shelly Transportation Corporation but for Mississippi River Launch and Charles Augustine, whom he considered as one.
Plaintiff further testified that though he had worked for Augustine until May 20, 1983, he was only paid through May 15, 1983, and that Augustine had refused his demand for wages covering that unpaid period. Kerlec also stated that since he was paid a salary, he did not keep a record of his work time, except for his own personal log on a Mississippi River Launch Service, Inc. form. Although plaintiffs writing does not appear in the official log that would normally be maintained by the captain or operator of the vessel for the period of May 15, 1983 through May 20, 1983, he testified that he did serve as a captain and operated a vessel during each of those days. His personal log reflected his initials on May 18, 1983, and he also identified his handwriting on several Mississippi River Launch tickets bearing that date.
Ernest Landry, a former employee, testified that he had worked for Charles Augustine as a boat captain and also had problems with Augustine for unpaid wages.
Augustine, a stockholder of Shelley Transportation Corporation and the principal stockholder of Mississippi River Launch, stated that he controlled the operations for both companies. According to this witness, Kerlec was not hired as a captain but rather as a dispatcher for Shelley Transportation to run the operation and to oversee the employees and workers at Mississippi River Launch Service. Augustine also testified that Kerlec was paid for every time period he had worked and that Kerlec’s signature did not appear on any of the official logs or on the launch tickets covering the May 15, 1983 through May 20, 1983 period.
Glenn Jaufre, a manager for Mississippi River Launch, testified that Kerlec was an employee of Shelley Transportation at a salary of $2,500.00 per month. According to Jaufre, Mississippi River Launch had no employees and its boat captains were employed by Shelley Transportation. Although Jaufre stated that Kerlec was owed no money by Shelley, he did acknowledge that after Kerlec had left his employment he did call and make demand for payment for the period in question. Jaufre further testified there was a management agreement between Mississippi River Launch and Shelley Transportation Corporation which provided that all services for Mississippi River Launch were to be contracted from Shelley Transportation. In addition, Jaufre also acknowledged that the official log for Mississippi River Launch Service was incomplete for the days of May 15 and 16.
Considering the evidence, based on credibility, we cannot say the trial judge erred.
We further find no error in the penalty wages and attorney fee award as determined by the trial judge.
When wages are unlawfully withheld by the employer, penalties are imposed where the employer is found to be motivated by bad faith or is arbitrary or unreasonable. Pittman v. Eyrand, 290 So.2d 800 (La.App. 4th Cir.1974); Green v. Interstate Properties, Inc., 458 So.2d 546 (La.App. 4th Cir.1984). No penalties apply, however, where there is a bona fide dispute as to wages due. Singleton v. Gulf Coast Truck Service, Inc., 409 So.2d 377 (La.App. 4th Cir.1982).
In the instant case, plaintiff testified that on several occasions, he was paid less than his agreed salary. Kerlec further stated that he and his fellow employees had problems cashing their pay checks because of insufficient funds. In addition, Landry, the co-employee, corroborated Kerlec’s testimony regarding employee difficulty in collecting wages owed. This course of conduct by an employer lends credence to a claim that his failure to pay employee wages was motivated by bad faith.
Furthermore, in regard to the attorney fee issue, it is well settled that reasonable attorney’s fees will be awarded in the *1183 event of a well founded suit for any unpaid wages. LSA-R.S. 23:632; Green v. Interstate Properties, supra; Singleton v. Gulf Coast Truck Service, Inc., supra. Because we have concluded that plaintiff was entitled to unpaid wages, clearly this suit was well founded.
Accordingly, the judgment is affirmed.
AFFIRMED.