441 So.2d 361 (1983)
Paul L. MONDY
v.
ROBIN TOWING CORPORATION.
No. 83-CA-358.
Court of Appeal of Louisiana, Fifth Circuit.
November 9, 1983.
Rehearing Denied December 19, 1983.
*362 Roger I. Dallam, Gretna, for plaintiff-appellant.
Joseph W. Nelkin, Warren J. Pickle, New Orleans, for defendant-appellee.
Before BOUTALL, GAUDIN and GRISBAUM, JJ.
GRISBAUM, Judge.
A former employee sued his employer for unpaid wages due him when he quit his employment, as well as for penalty wages and attorneys fees. La.R.S. 23:631, 632. The trial court awarded the employee the sum of $320 for unpaid wages but rejected his demand for penalty wages and attorneys fees. The employee appeals the trial court's denial of penalty wages and attorneys fees. The employer does not appeal the trial court's award for past due wages, and, in its answer to this appeal, concedes the employee is entitled to attorneys fees. We affirm in part and amend in part.
Paul Mondy was hired by defendant Robin Towing to perform duties of a first mate on one of its tug boats. He was initially employed on a per day basis at $70 per day. His first day of work, according to Mondy, was October 28, 1976. In early 1977, Mr. Mondy was promoted to vessel master at a rate pay of $90 per day. Mondy has sued Robin Towing for the following days: October 28, 1976 at $70 per day; November 22, 1976 at $70 per day; January 5, 1977 at $90 per day; January 20, 1977 at $90 per day. Several other days were claimed for past due wages, but Robin Towing sent Mondy a check of $180 for those dates.
Two issues are presented. First, since the wage claim is well-founded, whether the trial court erred in not awarding attorneys fees under La.R.S. 23:632. Secondly, whether there is an equitable defense to the non-payment of past due wages thereby relieving the employer of penalty wages under La.R.S. 23:632.
*363 In addressing the first issue, the jurisprudence states that attorneys fees are mandatory in the event of an employee's "well founded" suit for unpaid wages. Carriere v. Pee Wee's Equipment Company, 364 So.2d 555, 556 (La.1978); Sollay v. Sollay Foundation & Drilling, Inc., 389 So.2d 834, 836 (La.App. 3d Cir.1980). Robin Towing, in its answer, concedes the law is clear on this point, and, therefore, has agreed the trial court was incorrect in not awarding attorneys fees. Upon reviewing the record and the briefs, we find an award of $1000 as a reasonable attorney fee.
The following facts are pertinent in determining the second issue. Robin Towing's pay policy involved payment of a full day's wages for the first day of work no matter how long the individual worked that day but no payment for the very last day of a so-called "hitch" (the employee's time upon the vessel). Mondy testified he was not informed prior to his taking the job that he would not be paid for his last day of work on a hitch. The record further reflects that although Mondy was not initially aware of the pay policy of Robin Towing, this policy was explained by Mr. Vincent Robin, vice president of Robin Towing, to Mondy on more than one occasion. During each of these occasions, Mr. Robin's response was simply that this is the company policy, and after each of these discussions between Mr. Robin and Mondy, Mondy would return to the vessel and commence another hitch. The record further reflects that during these pay periods Mondy did not contest the pay policy. Finally, the record shows Mondy's initial demand for pay was for the date of March 20, 1977, which was the date that he quit, and no other backpay at that time was requested.
The applicable statutes dealing with an employer's duty to pay an employee his wages and the penalties relating thereto are described in La.R.S. 23:631 and 23:632. Louisiana Revised Statute 23:631 imposes a duty to pay wages due an employee upon discharge or resignation. It provides in pertinent part:
Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation...
When an employer fails or refuses to pay wages, La.R.S. 23:632 provides for penalty wages and attorneys fees. It states:
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.
Jurisprudence indicates La.R.S. 23:632 is a penal statute and must be strictly construed. Penalty wages are not to be absolutely imposed when the facts indicate there is an equitable defense. Magee v. Engineered Mechanical Services, Inc., 415 So.2d 277, 278-279 (La.App. 1st Cir.1982). The Magee court further notes there are no statutory provisions on what constitutes an equitable defense so we must look to the jurisprudence and to the guidelines that have emerged from the wide variety of factual situations. Magee, 415 So.2d 277, 279. As stated in Pace v. Parker Drilling Co. & Subsidiaries, basically when there is a good faith question of whether or not the employer actually owes past due wages or whether there may be an offset to wages owed, resistance to payment will not trigger *364 penalty wages. Pace v. Parker Drilling Co. & Subsidiaries, 382 So.2d 988, 991 (La. App. 1st Cir.1980). According to Magee, courts are generally willing to find an equitable defense when there is a good faith dispute as to whether wages are actually owed. Magee, supra. This situation may arise when, for instance, there is a question as to the number of hours worked.
The facts before us demonstrate Robin Towing calculated the pay due each employee by reviewing the "ship log sheets." The record does reflect there was some confusion with those log sheets, but, nonetheless, Robin Towing calculated an employee's pay from these sheets in conjunction with their pay policy. This court is further convinced that Mondy was well aware of that policy and continued to work with Robin Towing having an understanding of that policy. Therefore, this court finds, as the trial court did, there was a good faith dispute as to whether wages were actually owed, and, therefore, penalty wages are not owed under La.R.S. 23:632.
For the reasons assigned, the judgment of the trial court is amended to include an award of attorneys fees in the sum of $1000, and, as amended, is affirmed at appellant's cost.
AMENDED IN PART AND AFFIRMED IN PART.