PER CURIAM.
The plaintiff has appealed from a judgment which denied his claim for penalty wages and attorney’s fees allegedly due, under LSA-R.S. 23:631 and 23:632, for failure to timely pay wages following his resignation.
On Saturday evening April 27, 1985, Terry Lee Trahan (hereinafter referred to as the plaintiff) went to the home of his employer, Mr. Pousson (hereinafter referred to as defendant), and informed him that he was quitting and demanded payment of his wages. Defendant had just returned from a trip to New Orleans and told plaintiff that he would have to check the plaintiff’s time sheet, compute the wages then due, and that he would give plaintiff a check for his wages at the business premises the following Monday. An argument then ensued and plaintiff never went to his former place of employment to get his paycheck. Plaintiff employed an attorney and, after a written demand for payment by mail was not complied with, filed this suit.
LSA-R.S. 23:631 did not specify just where the wages due upon termination of employment were to be paid until Act 317 of 1977 extended the time for such pay *59 ment to three days after demand and further provided:
“Said payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee’s or laborer’s current address as shown in the employer’s records ...” (Emphasis added.)
Of course, the word “shall” is mandatory and the word “may” is permissive. Thus, the employer is obliged to pay the wages due at termination in the customary manner they were made during employment, or, if the employer prefers, they may be timely mailed to the employee at his address shown in the employer’s records.[1]
In this suit the trial judge found as a fact that the defendant never refused to pay the wages due the plaintiff, but instead was ready and willing to pay them, and that they were available to plaintiff at his former place of employment on Monday, April 29, 1985, where the wages were customarily paid to plaintiff by check. The trial judge also found that defendant did not have plaintiff’s address in his records and that plaintiff had no telephone. Further, the trial judge found that the subsequent written demand for payment of wages made by plaintiff’s attorney was not received by the defendant.
A trial judge’s findings of fact cannot be reversed on appellate review unless manifestly in error or clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979); Canter v. Koehring Co., 283 So.2d 716 (La.1973). From our review of the record we cannot say that the judge’s factual findings in these respects were clearly wrong or manifestly in error.
We also agree with the trial judge’s conclusion that R.S. 23:631 was complied with by the defendant advising plaintiff that he would pay the plaintiff’s wages in the customary manner, when they were computed, at the defendant’s business premises the following Monday, and that defendant was ready, willing and able to pay plaintiff his wages at that time. Had the plaintiff gone to defendant’s business premises on Monday, plaintiff would have received his wages timely.
We, therefore, affirm the judgment appealed from at appellant’s costs.
AFFIRMED.

. Simon v. Crowley Industries, Inc., 287 So.2d 549 (La.App. 3rd Cir.1974), was decided prior to the effective date of the amendatory statute and therefore is not applicable in this case.