COVINGTON, Chief Judge.
This is an appeal by defendant, Southern Beverage Company, Inc., from a judgment in favor of plaintiff, Brian R. Reuther, awarding to plaintiff unpaid wages in the amount of $630.00, together with penalty wages in the amount of $6,300.00, plus attorney fees of 25% of the entire amount of the judgment, and costs.
We affirm.
This suit was brought for unpaid wages due as vacation pay, penalty wages and attorney fees pursuant to La.R.S. 23:631 and 23:632 [1]
*444 The evidence shows that at the time of termination Reuther had earned nine days vacation (computed at $70.00 per day) for which defendant had refused to pay him. The employment records supported the employee's claim. The wages (vacation pay[2]) due Reuther were not paid within three days following his termination, as required by La. R.S. 23:631. The employee made proper demand for payment following termination. The evidence further reflects, as found by the trial judge, that the employer was arbitrary in refusing to pay plaintiff the vacation pay due him.
Under La.R.S. 23:631 plaintiff was entitled to the $630.00 awarded him for unpaid wages due as vacation pay. The evidence supports this award. The trial judge held that “Mr. Reuther’s [sic] made out a case for entitlement to the nine days vacation for which he’s not been paid.” We agree.
It is only “a good-faith non-arbitrary defense to liability for unpaid wages, i.e., a reasonable basis for resisting liability” which will permit the courts to excuse the employer from the imposition of penalty wages. Soday v. Mall Snacks, Inc., 374 So.2d 138 (La.App. 1 Cir.1979).
We believe the evidence clearly establishes that the amount of vacation due Mr. Reuther was not in dispute. The evidence establishes that Reuther’s services with the defendant were terminated on May 29, 1985, and that at that time the employee had earned nine days vacation for which he had not been paid, the sum of $630.00, calculated at $70.00 per day for nine days. This amount could easily be figured from the records kept by the employer. Under these circumstances it was arbitrary for the employer to withhold payment of Mr. Reuther’s earned wages (vacation pay). It is only a “good faith” or “non-arbitrary” defense to liability for unpaid wages, that is, a reasonable basis for resisting liability, which will permit the courts to excuse an employer from the imposition of penalty wages. Alexander v. Brown Builders, Inc., 490 So.2d 653 (La.App. 2 Cir.1986). There was no reasonable basis for resisting liability in this case.
Under La. R.S. 23:632, mandatory reasonable attorney fees are to be awarded in the event of a well-founded suit for unpaid wages. Carriere v. Pee Wee’s Equipment Company, 364 So.2d 555 (La.1978). Since the lower court found that the employee was entitled to the sued-for vacation pay, with which finding we agree, the suit was well-founded; thus, the plaintiff is entitled to the attorney fees awarded. See *445 Green v. Interstate Properties, Inc., 458 So.2d 546 (La.App. 4 Cir.1984).
After reviewing the record, we cannot say that the trial court was clearly wrong in finding that the defendant owed plaintiff unpaid wages (vacation pay), as well as penalty wages, for his arbitrary refusal to pay these wages. The suit was well-founded, so the attorney fee award was mandated.
For the assigned reasons, the judgment in favor of plaintiff is affirmed at defendant’s costs.
AFFIRMED.

. § 631. Discharge or resignation of employees; payment within three days after termination of employment.
A. Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employ *444 ing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation. Said payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee’s or laborer’s current address as shown in the employer’s records. In the event payment is made by mail the employer shall be deemed to have made such payment when it is mailed. The timeliness of the mailing may be shown by an official United States postmark or other official documentation from the United States Postal Service.
B. In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section.
C. With respect to interstate common carriers by rail, a legal holiday shall not be considered in computing the three day period provided for in Subsection A of this Section. § 632. Liability of employer for failure to pay; attorney fees.
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.

. "Vacation pay” is considered to be wages for purposes of La.R.S. 23:631. Lee v. Katz and Besthoff, Inc., 479 So.2d 459 (La.App. 1st Cir.1985).