520 So.2d 440 (1988)
John W. BLANKENSHIP
v.
SOUTHERN BEVERAGE COMPANY, INC.
No. CA 86 1043.
Court of Appeal of Louisiana, First Circuit.
January 6, 1988.
Rehearing Denied February 17, 1988.
Writ Granted April 7, 1988.
*441 Marion Weimer, James A. McGraw (co-counsel), Baton Rouge, for plaintiff-appellant.
Curtis K. Stafford, Jr., Baton Rouge, for defendant-appellee.
Before COVINGTON, C.J., and CARTER, SAVOIE, CRAIN and LeBLANC, JJ.
LeBLANC, Judge.
This is a suit by plaintiff, John W. Blankenship, against his former employer, Southern Beverage Company, Inc., seeking recovery of unpaid wages, statutory penalties and attorney's fees pursuant to La.R.S. 23:631, et seq.

FACTS
On November 8, 1983, plaintiff began work for defendant as a route salesman. He was hired for this position by Brian Reuther, a sales manager for defendant, as well as a neighbor and friend of plaintiff. At that time, Mr. Reuther informed plaintiff that he would be entitled to two weeks vacation after working a year for defendant. Although some question was raised at trial as to Mr. Reuther's authority to hire plaintiff, it is undisputed that no one raised any objection to plaintiff's employment and he actually worked for and was paid by defendant for almost eighteen months.
On either Monday or Tuesday of the week of May 27, 1985, plaintiff informed his supervisor that he had accepted employment elsewhere and that Friday would be his last day to work for defendant. Plaintiff testified that for the remainder of this week he trained his replacement. Defendant's general manager testified that plaintiff trained his replacement for only one to two days.
In any event, after leaving defendant's employment, plaintiff sent defendant a letter, dated July 2, 1985, demanding payment for nine days of unused vacation. Defendant did not respond to this demand. On November 25, 1985, plaintiff filed the present suit; defendant subsequently filed a reconventional demand seeking damages for lost sales allegedly resulting from plaintiff's failure to give sufficient notice of his resignation.
Following trial of this matter, the trial court dismissed both plaintiff's principal demand and defendant's reconventional demand. Plaintiff has appealed this judgment.

DISCUSSION
La.R.S. 23:631 provides that upon an employee's discharge or resignation, his employer has a duty to pay within three days the amount then due to the employee under the terms of employment. La.R.S. 23:632 provides that an employer who fails to comply with this duty shall be liable for penalty wages and attorney's fees. It is well-established that vacation pay is included in the definition of the `amount due' for purposes of La.R.S. 23:631 et seq. Lee v. Katz and Bestoff, Inc., 479 So.2d 459 (La. App. 1st Cir.1985); Draughn v. Breaux Mart, 411 So.2d 1188 (La.App. 4th Cir.), writ denied, 415 So.2d 944 (La.1982). Further, once an employee's right to vacation benefits has vested, an employer cannot force forfeiture of this earned right. La. R.S. 23:634; Lee; Draughn.
*442 The evidence in the instant case revealed that although defendant had no written vacation policy, its employees customarily received two weeks paid vacation after working for defendant for one year. Each week a notation was made on employees' checkstubs indicating the amount of vacation they had earned and the amount they had used. Although defendant denies that these notations were official or even accurate, it is not disputed that plaintiff would have been entitled to nine days of vacation, as reflected on his checkstub, if he had continued in defendant's employment.
Nevertheless, defendant's president, William Carter, testified that departing employees were not automatically paid for unused vacation and that it was his policy to decide on a case-by-case basis whether to do so. This testimony was corroborated by other employees of defendant. Mr. Carter stated that the primary factors he considered in making this decision were whether the employee had performed his work in a satisfactory manner and, if the employee had resigned, whether he gave adequate notice prior to his resignation. He testified that his decision not to pay plaintiff for his unused vacation time was based on plaintiff's failure to give sufficient notice of his resignation.
We note there is no evidence that plaintiff or his co-workers were ever informed of any notice requirement with regard to resignations. Furthermore, in Soday v. Mall Snacks, Inc., 374 So.2d 138, 140 (La. App. 1st Cir.1979), this Court specifically held that:
The fact that the employee quit her job abruptly without notice to the employer does not justify the employer's withholding payment of the employee's earned wages. It is well established that a company policy can have no adverse effect on the requirement of prompt payment of earned wages upon termination of an employee.
... There is no doubt that she [the employee] would have been paid the two weeks' wages if she had continued her employment.... The fact that she suddenly quit work without notice can not affect her right to these earned wages. (Citations omitted)
Since plaintiff had clearly earned two weeks paid vacation upon completing one year of employment with defendant, which was well prior to his resignation, defendant's refusal to pay him for this benefit amounted to an impermissible forfeiture of earned wages. See Lee; Draughn. Accordingly, the judgment of the trial court is reversed and it is hereby ordered that plaintiff be awarded recovery in the amount of $405.00, plus legal interest, for nine days of unused vacation.
Further, in light of the fact that his suit for unpaid wages was "well-founded", plaintiff is also entitled to recovery of reasonable attorney's fees, which are set in the amount of $1,500.00. La.R.S. 23:632; Soday, 374 So.2d at 141; Draughn, 411 So.2d at 1191.
Plaintiff argues that he is also entitled to receive penalty wages pursuant to La.R.S. 23:632, which provides in pertinent part that:
Any employee who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages.
Statutes which are penal in nature must be strictly construed. In order for an employee to recover penalty wages under La.R.S. 23:632, the employer must be found to have acted in bad faith or in an arbitrary or unreasonable manner. Draughn.
In this case, Mr. Carter refused to pay plaintiff on the basis of what he believed to be a valid defense, e.g., lack of notice.[1] The trial court agreed with this *443 position. The fact that we have concluded that plaintiff was entitled to receive vacation wages does not preclude the possibility that defendant's refusal to pay such wages was made in good faith. Since the evidence presented was insufficient to establish bad faith or arbitrariness on the part of defendant in this particular case, an award of penalty wages is not warranted.

DECREE
For the above reasons, the judgment of the trial court is reversed in part and it is ordered that there be judgment in favor of plaintiff for Four Hundred Five and no/100 ($405.00) dollars, plus legal interest, as well as One Thousand Five Hundred and no/100 ($1,500.00) dollars, for attorney's fees. The judgment of the trial court is affirmed in all other respects.
Defendant is to pay all court costs.
AFFIRMED IN PART: REVERSED IN PART AND RENDERED.
COVINGTON, C.J., and CRAIN, J., concur in part and dissent in part; we would award penalty wages.
NOTES
[1] This case differs from the companion case of Reuther v. So. Beverage, Inc., 520 So.2d 443, decided this day. In Reuther the employee gave notice of his resignation and therefore, the employer could not rely on this as a defense and employer's refusal to pay was in bad faith.