537 So.2d 834 (1989)
Diane GARRISON
v.
BURGER KING CORPORATION.
No. 88-CA-587.
Court of Appeal of Louisiana, Fifth Circuit.
January 18, 1989.
*835 Sherry Watters, New Orleans, for plaintiff-appellee.
S. Mark Klyza, New Orleans, for defendant-appellant.
Before CHEHARDY, KLIEBERT and DUFRESNE, JJ.
DUFRESNE, Judge.
This lawsuit involves a dispute over unpaid employment benefits. Plaintiff, Diane Garrison, a former employee of the defendant, Burger King Corporation, instituted litigation seeking her vacation wages, penalties, attorney fees and costs. Garrison was an employee of Burger King from October 16, 1978, until July 30, 1987.
After her resignation Garrison made formal demand for her full employment wages pursuant to LSA-R.S. 23:631, and received the entire amount exclusive of her accumulated vacation benefits. Consequently Garrison filed suit in First Parish Court, in Jefferson Parish. Both parties filed Motions for Summary Judgment, and the trial court awarded Garrison $2,541.00 in vacation wages and penalties, $750.00 in attorney fees, together with legal interest and costs. From this decision Burger King has appealed.
On appeal Burger King has assigned the following errors for our review:
1.) The trial court erred as a matter of law in awarding vacation pay and attorney's fees.
2.) The trial court erred as a matter of law in awarding penalty wages.
According to the conditions of Burger King's Employee Handbook and posted *836 notices, its employees had to complete one year of employment and every subsequent year, complete forty weeks of employment to be entitled to vacation wages. The amount is determined in accordance with the number of years employed.
From reviewing the record, Garrison had satisfied the employment requirements for vacation wages prior to her termination.
She had worked for Burger King over eight years and had completed forty-one weeks of employment the year of her resignation. Burger King's employee handbook and a posted notice entitled "Your Vacation Benefits" clearly state that Burger King's vacation policy is applicable to an employee who has worked 40 of the 52 weeks of the year. These same publications indicate that any employee who has worked for Burger King for five to fourteen years will earn three weeks of vacation pay. The vacation policy does not require time be actually taken off from work. Rather, it is called a "bonus, in the form of vacation pay".
The policy does not require that the employee still be employed on her anniversay date in order to receive the vacation pay. Garrison worked over 40 weeks during the year which began October 16, 1986 (her last anniversary date) until the date she resigned on July 30, 1987.
On the date of Garrison's termination, she was earning $6.05 per hour as a production leader and averaged 31.22 hours per week. Pursuant to Burger King's handbook vacation policy, Garrison was entitled to $566.64 in vacation wages at the time of her resignation.
Our review of the jurisprudence reveals that vacation pay is equivalent to wages for purposes of LSA-R.S. 23:631, Blankenship v. Southern Beverage Co., 520 So.2d 440 (La.App. 1st Cir.1988) and Pohl v. Domesticom Inc., 503 So.2d 125 (La.App. 5th Cir.1987), and once an employee's right to vacation benefits has vested, an employer cannot force forfeiture of this beneficial right. Blankenship, supra, and Lee v. Katz and Bestoff, Inc., 479 So.2d 459 (La. App. 1st Cir.1985).
Burger King argues that before receiving vacation pay, a full "Service Year" must be completed and the employee must have worked 40 weeks of that service year, or still be employed on the employment anniversary date. However, we find no mention of the "Service Year" requirement in any of the literature distributed to the employees which is made part of this record. At best, the language of the subject handbook has sufficient ambiguity to confuse even a careful and skillful reader, thus must be construed against Burger King.
It is clear that a company policy can have no adverse effect on the requirement of prompt payment of earned wages upon termination of an employee. Soday v. Mall Snacks, Inc., 374 So.2d 138 (La. 1st Cir. 1979).
Because Burger King failed to accurately compensate Garrison in vacation wages, we must determine whether the conduct was in bad faith and were there any valid equitable defenses. Mondy v. Robin Towing Corp., 441 So.2d 361 (La.App. 5th Cir. 1983).
There are no statutory provisions on what constitutes an equitable defense. Generally, when there is a justifible dispute as to the amount of wages owed, the courts have declined to award penalties. Mondy, supra; McFarland v. Texhoma Contractors, Inc., 449 So.2d 1106 (La.App. 5th Cir. 1984); Ryan v. Midget Marine, Inc., 474 So.2d 1011 (La.App. 5th Cir.1985); and Reuther v. Southern Beverage Co., Inc., 520 So.2d 443 (La.App. 1st Cir.1988).
Burger King's defense for non-payment of the vacation wages is based on an alleged policy requiring completion of a "service year". There is no evidence in the record which would support this position. The record is void of evidence showing that employees were given notice of the alleged "service year" policy. The trial court correctly decided that Burger King failed to establish a lawful defense for withholding Garrison's vacation wages.
When an employer is arbitrary or sets out procedural pitfalls for its employees or is merely negligent in failing to pay pastdue *837 wages, penalty wages have been assessed. Pace v. Parker Drilling Co., 382 So.2d 988 (La.App. 1st Cir.1980), and McCaskill v. Deviney Construction Co., 323 So.2d 178 (La.App. 3rd Cir. 1975).
Garrison had eight years of employment and properly made demand for just compensation. Burger King's conduct constituted an impermissible forfeiture of earned wages. Penalty wages were properly, but inaccurately assessed against Burger King. Accordingly, the judgment relative to penalty wages is amended as follows: Pursuant to LSA-R.S. 23:632, penalties are to be equal to 90 days wages. Garrison would be entitled to $2,427.12 ($6.05 X 31.22 hours X 12.85 weeks (90 days)) in penalty wages together with her vacation wages of $566.64 for a principal amount of $2,993.76, and legal interest.
The trial court awarded $750.00 in attorney's fees and Burger King argues such an amount as abusive. We disagree. Attorney fees are mandatory whenever an employee is successful in a suit for unpaid wages. Mondy, supra.
The purpose of LSA-R.S. 23:632 is to encourage workers to file lawsuits when they have been unlawfully denied just compensation and to motivate attorneys to handle such suits.
Considering the record, the issues and time involved, we find no error with the award of $750.00 in attorney's fees.
Because a lawyer's time is his stock in trade, and recognizing that answering an appeal is time consuming and will cost an attorney the utilization of his resources, we shall add $250.00 to the attorney's fees for a total amount of $1,000.00.
For the above assigned reasons the judgment of the trial court is affirmed and amended.
DECREE
IT IS ORDERED AND DECREED that there be judgment in favor of Diane Garrison and against Burger King Corporation, in the sum of $2,993.76, and attorney fees in the amount of $1,000.00, together with legal interest thereon and for all costs of these proceedings.
For the foregoing reasons, the judgment of the trial court is amended and affirmed as amended.
AMENDED AND AFFIRMED AS AMENDED.