GUIDRY, Judge.
In this suit over unpaid wages, the defendant, City of Lake Charles (hereafter sometimes referred to as the City), appeals only that part of the trial court’s judgment which awards plaintiff, Albert Wayne Sen-sat, $5,000 in penalties.
After approximately five and one-half years, Albert Wayne Sensat resigned as assistant director of the Lake Charles Civic Center effective August 7, 1989. Thereafter, on November 22, 1989, he filed a petition seeking more than $36,000 which he claimed was owed to him for unpaid overtime (2,467 hours), unused vacation and unused sick leave, plus penalties and attorney’s fees. At trial, plaintiff reduced his overtime claim to 2,242 hours and apparently abandoned his claims for unused vacation and sick leave.
The record indicates that a bona fide dispute existed between Sensat and the City as to whether the plaintiff was an hourly employee entitled to overtime, or a salaried employee who was expected to take compensatory time off and/or administrative leave for any hours he worked in excess of forty hours per week. In spite of this dispute, sometime prior to trial, the City tendered to plaintiff a check for $14,-797.14. In the City’s transmittal letter, it is stated that based on the information on hand, the tendered amount should more than satisfy Sensat’s claim.
At trial, it was established that Sensat did not punch a time card and was paid the same salary twice a month without regard to the hours he worked. Allen W. Harris, Director of the Lake Charles Civic Center, Sensat’s boss, testified that although an employee might be on administrative leave or taking compensatory time, it was City policy to show employees present at work on their attendance and leave forms. Therefore, it was impossible to determine the exact amount of administrative leave or compensatory time taken by Sensat over the term of his employment. Harris stated that employees kept their own attendance and leave records and that the completed records were forwarded to personnel (not payroll). He further stated that to the best of his recollection, Sensat took an average of three days per month compensatory time or administrative leave throughout his employment. Sensat conceded, in deposition, to taking two days per month.
Numerous city employees testified that the employee attendance and leave sheets were due several days before the end of each pay period and that it was accepted practice for individuals to estimate how many hours they were going to work between when the sheets were due and the end of the pay period. Doreen M. McGee of the City payroll department .testified that of the total overtime hours plaintiff claimed, more than 90% of those hours occurred during the “estimated” periods *1071 and that approximately 106 hours of those claimed were inconsistent with the hours clocked in by hourly employees.
During trial, it was established that plaintiffs normal work day began at 8:30 a.m. and ended no later than when the last hourly employee punched out on the time clock. Sampson Guillory, a crew supervisor at the Civic Center who was responsible for locking up at night, stated that sometimes Sensat would be gone two and one-half to three hours before the last man clocked out.
The City compared the self-kept time records submitted by Sensat with the time records of employees whose hours were kept by the time clock and using the time the last hourly employee punched out arrived at the 106 hour discrepancy.
Additionally, fourteen weeks of Sensaf s time sheets could not be located. In determining the amount of its tender, the City took Sensat’s average weekly overtime claimed for the balance of the claim period and used that figure as his overtime for each of the missing fourteen weeks.
Sensat testified that his work load did not permit him to take either compensatory time off or administrative leave and that the only reason he conceded in deposition to taking two days per month was in an attempt to settle his claim.
Plaintiff filed his suit relying on La.R.S. 23:631 and 632 which state in pertinent part:
“§ 631. Discharge or resignation of employees; payment within three days after termination of employment
A. Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation. Said payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee’s or laborer’s current address as shown in the employer’s records. In the event payment is made by mail the employer shall be deemed to have made such payment when it is mailed.
The timeliness of the mailing may be shown by an official United States postmark or other official documentation from the United States Postal Service.
B. In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section. The employee shall have the right to file an action to enforce such a wage claim and proceed pursuant to Code of Civil Procedure Article 2592.
* * * * * *
§ 632. Liability of employer for failure to pay; attorney fees
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.”
In Glover v. Diving Services International, Inc., 577 So.2d 1103 (La.App. 1st Cir.1991), the court summarized the principles applicable in disputes of this nature as follows:
“La.R.S. 23:632 is a penal statute which must be strictly construed. In *1072 order for an employee to recover penalty wages, the employer must be found to have acted in bad faith or in an arbitrary or unreasonable manner. Blankenship v. Southern Beverage Co., 520 So.2d 440 (La.App. 1st Cir.) writ granted but subsequently dismissed on joint motion of parties, 522 So.2d 574 (1988). Penalty wages are not to be absolutely imposed when the facts indicate there is an equitable defense. Pearce v. Austin, 465 So.2d 868 (La.App. 2d Cir.1985); Mondy v. Robin Towing Corp., 441 So.2d 361 (La.App. 5th Cir.1983). Where the amount owed the employee is the subject of a bona fide dispute, the courts will not consider the failure to pay as an arbitrary refusal and will refuse to award penalties. Jones v. Hebert & LeBlanc, Inc., 499 So.2d 1107 (La.App. 3d Cir.1986); Pearce v. Austin, 465 So.2d at 873.”
The trial court, in written reasons for judgment, resolved the dispute over plaintiffs’ status as follows:
“... There was much argument at trial as to whether petitioner was an hourly employee or salaried employee. After careful consideration of the testimony, in particular the testimony of a former Mayor for whom the petitioner work [sic], the court finds that petitioner was an hourly employee ...”
Thereafter, the court considering the evidence presented determined that plaintiff was entitled to be reimbursed for 1437V2 hours of overtime and rendered judgment in his favor for the total sum of $21,330.33. In awarding penalties against the City, the trial judge reasoned as follows:
“The court finds that the City of Lake Charles made a tender of some amounts to the petitioner, and this amount should be considered in an offset against the final award, but the tender made by the City of Lake Charles was not sufficient, and was arbitrary and capricious and not based upon any reasonable basis. Therefore the court finds that penalties should be awarded to the petitioner in the amount of $5,000.00. ...”
We find the trial judge’s conclusion in this latter regard to be clearly wrong.
A serious dispute existed between the parties concerning plaintiff’s employee status. At trial plaintiff claimed 2242 hours of overtime. The trial court found plaintiff entitled to reimbursement for 1437V2 hours, over 800 hours less than that which he claimed. There is extensive contradictory evidence in the record as to the total number of hours plaintiff worked while in the employ of the City. Plaintiff did not punch either in or out and was allowed much discretion in the execution of his duties, including how late he stayed and how often he stayed late. No records were kept indicating the amount of compensatory time and/or administrative leave he took or was granted. When hourly employees’ time cards were compared with the self-serving records maintained by plaintiff, there was discovered an inconsistency of 106 hours, and over 200 of the hours for which plaintiff sought compensation were admittedly worked more than three years before suit was filed, and thus, any action as to them was prescribed. Finally, there was the controversy over the plaintiff’s use of compensatory time and administrative leave. In deposition, plaintiff admitted to taking two days per month. At trial, he testified he took neither administrative leave nor compensatory time. Also at trial, plaintiff’s boss, Allen Harris, testified that plaintiff took an average of three days per month of compensatory time and/or administrative leave. The difference between no time taken and three days per month taken puts 864 hours in dispute.
Considering the foregoing, we find there was a bona fide dispute as to the amount of wages, if any, owed Sensat and that the City of Lake Charles was not arbitrary or unreasonable in its acts and at no time acted in bad faith in the handling of this matter. Further, we conclude that the tender to plaintiff, prior to trial, in the amount of $14,797.14 was neither arbitrary nor capricious.
Accordingly, for the reasons stated, the judgment of the trial court is reversed insofar as it assesses a penalty of $5,000 *1073 against the City of Lake Charles. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff-appellee, Albert Wayne Sensat.
REVERSED IN PART; AFFIRMED IN PART; AND, RENDERED.