631 So.2d 461 (1994)
Eric F. JACOBS, M.D.
v.
BROWN MEDICAL CENTER.
No. 93-CA-675.
Court of Appeal of Louisiana, Fifth Circuit.
January 12, 1994.
Writ Denied March 25, 1994.
Brad A. Adams, New Orleans, for plaintiff/appellant.
M.H. Gertler, Rodney P. Vincent, Jill D. Trahan, New Orleans, for defendant/appellee.
Before GAUDIN, DUFRESNE and WICKER, JJ.
WICKER, Judge.
This appeal arises from a suit filed by Eric F. Jacobs, plaintiff/appellant, against Brown *462 Medical Center, defendant/appellee, for past due wages, attorney's fees and statutory penalties.
Jacobs was employed as a physician by Brown Medical Center pursuant to a Physician's Employment Agreement executed by the parties on October 28, 1991. As of October 30, 1992, Brown Medical Center terminated Jacobs' employment.
Pursuant to the Physician's Employment Agreement, upon termination, Brown Medical Center was to pay Jacobs "an amount equal to the applicable percentage of the Employee's Net collections ... of all funds collected after [termination] ... [for a period of] three months after termination." On December 1, 1992, Brown Medical Center paid Jacobs for October, 1992 but failed to pay the three months of November 1992, December 1992, and January 1993, pursuant to the contract.
Subsequently, Jacobs sued Brown Medical Center for the three months unpaid wages plus attorney's fees and penalty wages. After a trial on the merits, the trial court awarded Jacobs a total of $9,024.89 for the three months plus attorney's fees. Jacobs appeals, asserting the trial court erred in not imposing penalty wages pursuant to La.R.S. 23:632. We disagree.
La.R.S. 23:632 provides for penalty wages and attorney's fees when an employer fails or refuses to pay timely wages to a discharged employee.[1] La.R.S. 23:632 is a penalty statute and must be strictly construed. Mondy v. Robin Towing Corp., 441 So.2d 361 (La.App. 5th Cir.1983). However, penalty wages are not to be absolutely imposed when the facts indicate there is an equitable defense. Id.
A good-faith nonarbitrary defense to liability for unpaid wages, i.e., a reasonable basis for resisting liability, permits a court to excuse an employer from the imposition of additional penalty wages. Carriere v. Pee Wee's Equipment Company, 364 So.2d 555 (La.1978); Dufau v. Creole Engineering, Inc., 465 So.2d 752 (La.App. 5th Cir.1985).
Generally, when there is a good faith question of whether or not the employer actually owes past due wages, or whether there may be an offset to wages owed, resistance to payment will not trigger penalty wages. Mondy, supra. In the instant case, the trial court found Brown Medical Center had a good faith belief that there existed an offset to the wages due.
At trial, evidence was presented that indicated Jacobs may have violated a noncompete clause in the Physician's Employment Agreement by directly soliciting business from patients of Brown Medical Center. The trial court found that Brown Medical Center was in good faith in believing that damages as a result of the violation of the noncompete clause could be offset against the unpaid wages. We see no manifest error; accordingly, we will not disturb the trial court's finding. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Finally, Brown Medical Center requests sanctions against Jacobs for filing a frivolous appeal. We cannot entertain Brown Medical Center's demand because they neither answered Jacobs' appeal nor filed their own appeal. Rodriquez v. La. Medical Mutual Ins. Co., 620 So.2d 335 (La. App. 5th Cir.1993).
Accordingly, for the foregoing reasons, the judgment is affirmed.
AFFIRMED.
NOTES
[1] La.R.S. 23:632 states:

Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.