GOTHARD, Judge.
This appeal arises from a suit filed by Michael J. Boudreaux, plaintiff/ appellee, against Hydraulic Rebuilders & Service Company, Inc.; (hereinafter “Hydraulic”), defendant/appellants, for past due wages, attorney’s fees and statutory penalties. For the following reasons, we affirm the decision of the trial judge.
Boudreaux was hired by defendant as a mechanic in January of 1997. On April 9, 1997, Boudreaux voluntarily terminated his employment with Hydraulic. Hydraulic’s next regular payday was April 18,1997.
|3On April 14,1997, Boudreaux returned to his place of employ to collect his final paycheck. He was given an unsigned payroll check in the amount of $441.97 (gross pay of $670.25 minus deductions). Boudreaux was told to go to the office of corporate counsel for signature. However, he did not do so.
*1150 Boudreaux instituted this suit on April 28, 1997. Hydraulic answered and pled the affirmative defense of offset, alleging that plaintiff was liable to defendant for defective workmanship performed.
After a trial on the merits, the trial court awarded Boudreaux past due wages of $670.25, minus deductions, and penalty wages of $375.00, with legal interest from date of judicial demand. The trial court also awarded attorney’s fees of $750.00 and costs. In his oral reasons for judgment the trial judge stated that because plaintiff resigned on April 9 th, he should have been paid by April 11th. The trial court further found that tender of the unsigned check, with the opportunity to go to corporate counsel for signature, was a sufficient tender, and therefore payment was tendered on April 15 th, the date after plaintiff received the unsigned check. Finally, the trial court denied Hydraulic’s defense of offset, finding that plaintiff did not agree to deductions from pay for returned work and that also that the claim for offset was not properly supported by the evidence.

ANALYSIS

On appeal, defendant alleges that the trial court erred in awarding attorney fees and penalties because the trial court erred in finding that its tender of wages was untimely. Defendant also alleges that the trial court erred in denying its claim for offset for returned work performed by plaintiff against the amount of wages owed to plaintiff.
ULa. R.S. 23:631(A)(1)[1] provides in part that:
(l)(a) upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment ... not later than three days following the date of discharge.
(l)(b) Upon the resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment ... on or before the next regular payday or no later than fifteen days following the date of resignation, which ever occurs first.
In this case, it is undisputed that plaintiff resigned from his position with defendant. Accordingly, section (l)(b) is applicable to this matter.
The trial judge found that Hydraulic did not timely tender payment of final wages to plaintiff, and therefore was liable for penalty wages and attorney’s fees. The trial judge based his award on the finding that Hydraulic did not tender the amount due within three days of termination. While we do not agree with the reasoning of the trial judge, we find the result reached to be correct.
It is clear that Mr. Boudreaux voluntarily resigned from his employment with Hydraulic. Thus, Hydraulic argues that the trial court erred in finding that payment was untimely, because it tendered final wages to plaintiff on April 14,1997, which was prior to the next pay period set for April 18, 1997.
It appears that the trial court incorrectly applied the provisions of section la, which deal with the situation of when an employee is terminated from employment, rather than that of section lb, which apply when an employee resigns, as in the present case. Nevertheless, the record in this case shows that no |5payment was actually tendered to the employee, and therefore, neither the time constraints set forth in La. R.S. 23:631(A)(l)(a) or (A)(1)(b) were met.
R.S. 23:631(A)(2) provides in part that:
Payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee’s or laborer’s current address as shown in the employer’s records.
In Trahan v. Pousson, 497 So.2d 58, 59 (La.App. 3 Cir.1986) the court said that:
Of course, the word “shall” is mandatory and the word “may” is permissive. Thus, *1151 the employer is obligated to pay the wages due at termination in the customary manner they were made during the employment, or, if the employer prefers, they may be timely made to the employee at his address shown in the employer’s records.
In this case, the employer did not pay the wages in the customary manner paid during the course of employment. Both parties agreed that the check for final wages was unsigned when tendered to plaintiff. Plaintiff testified that, during the course of employment, he had always been paid with a signed check and that he had never been required to bring the check to corporate counsel for signature. Likewise, defendant did not mail plaintiff’s check to his home address. We therefore find that Hydraulic did not adequately tender payment of final wages to Mr. Boudreaux as required by La. R.S. 23:631.
La. R.S. 23:632 allows an employee to recover penalty wages and attorney’s fees for an employer’s failure to comply with La. R.S. 23:631. La. R.S. 23:632 is a penalty statute and must be strictly construed. Jacobs v. Brown Medical Center, 93-675 (La. App. 5 Cir. 1/12/94) 631 So.2d 461, writ denied, 94-373 (La.3/25/94), 635 So.2d 239.
|6Penalty wages are not to be absolutely imposed when the facts indicate there is an equitable defense. Jacobs v. Brown Medical Center, supra; Landry v. Pauli’s, Inc., 496 So.2d 431 (La.App. 5 Cir.1986), writ denied 500 So.2d 428 (La.1987). In order for the employee to recover penalty wages, the employer must be found to have acted in an arbitrary and unreasonable manner. However, if the amount owed the employee is subject to a bona fide dispute, courts will not consider the failure to pay as arbitrary and will refuse to award penalties. Moore v. Fleming Subway Restaurants, Inc. 28,543 (La.App. 2 Cir. 8/21/96), 680 So.2d 78.
When there is a good faith question of whether or not the employer actually owes past-due wages or whether there may be an offset to wages owed, resistance to payment will not trigger penalty wages. When the employer is arbitrary or sets out procedural pitfalls for the employee or is merely negligent in failing to pay past-due wages, penalty wages will be assessed.... When the failure to pay wages due according to the statute is attributable to neglect or improper pay procedure of an employer, the equitable defense ... is not available to the employer. (Citations omitted).
Ryan v. Midget Marine, Inc., 474 So.2d 1011, 1014 (La.App. 5 Cir.1985), citing Pace v. Parker Drilling Co. & Subsidiaries, 382 So.2d 988, 990-991 (La.App. 1 Cir.), unit denied, 383 So.2d 1016 (La.1980).
In this case, Hydraulic’s failure to pay wages was attributable to its failure to tender a signed and valid paycheck to Mr. Bou-dreaux, and constitutes either neglect or improper pay procedures. Although Hydraulic now argues the defense of offset, it did not raise that issue when demand for payment was made. To the contrary, the unsigned check tendered was for the very same amount found due Land owing by the court after the trial of this matter. We therefore find that the trial court correctly found that penalty wages were warranted in this case.[2]
Defendant also argues that the trial court erred awarding past due wages, because the trial court failed to offset the amount of wages owed with deductions for work performed by Mr. Boudreaux which was returned and had to be redone by other repairmen.
The defense of setoff requires mutual obligations whereby each obligor owes an equally liquidated and demandable debt to the other. Hebert v. Insurance Center, Inc., 97-298 (La.App. 3 Cir. 1/7/98), 706 So.2d 1007.
Here, Hydraulic argues that it was company policy to withhold wages for returned vehicles, and that plaintiff knew and agreed to this policy at the time he was hired. To support this contention, defendant introduced a document, signed and dated January 9, 1997 by the employee, which states:
*1152 It is the policy of this company to deduct from the wages of any employee the cost of any damage to any property, goods or works (whether is belongs to the company or a customer) that is either willfully or negligently damaged or broken by the employee.
The trial court found that this agreement did not provide that “the employee will be charged back for any work that is brought back and has to be re-performed.” The trial court further found that defendant did not present sufficient evidence to support the deductions for the work allegedly improperly performed.
Considering the all the evidence presented by defendant in this case, and considering that defendant did not attempt to deduct these amounts when it tendered the unsigned paycheck to plaintiff, we find that the trial court correctly concluded that Hydraulic did not establish its right to the deductions claimed, nor |8did it establish that plaintiff consented to have these amounts deducted from his wages. See, Henderson v. Kentwood Spring Water, Inc., 583 So.2d 1227 (La.App. 1 Cir.1991); McCoil v. West Enterprises, Inc., 552 So.2d 1302 (La.App. 5 Cir. 1989). Accordingly, the trial court did not err in failing to alíow defendant’s affirmative defense of offset.

CONCLUSION

For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against appellant, Hydraulic Re-builders & Service Company, Inc.
AFFIRMED.

. La. R.S. 23:361 was amended by Acts 1995, No. 325, § 1, effective August 15, 1995.

. Neither plaintiff nor defendant argue that the award of $375.00 was incorrect and therefore we do not reach the issue.